**CONTINENTAL SAVINGS ASSOCIATION, Appellant,**

v.

**Robert L. COLLINS, Appellee.**

**No. B14–90–323–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 8, 1991.

David Lee Crawford, Houston, for appellant.

Mike O'Brien, Robert L. Collins, Daniel Kistler, Richard A. Tinsley, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a judgment in favor of Robert L. Collins (Collins or appellee), defendant in the trial court. Continental Savings Association (Continental or appellant) brings four points of error alleging that the trial court erred: (1) in granting summary judgment in favor of Collins based on the defense of res judicata; (2) in granting summary judgment in favor of Collins as to claims made pursuant to the Restatement of Torts (Second) § 552; (3) in entering final judgment in favor of Collins since the trial court's order addresses only the claims made pursuant to the Restatement of Torts (Second) § 552 and leaves unresolved causes of action against Collins based on the theories of negligence, misrepresentation, indemnity and breach of implied covenant not to sue; and (4) by not substituting the Resolution Trust Corporation as plaintiff. We reverse and remand.

Continental brought suit against Collins on January 27, 1988, alleging causes of action based on theories of negligence, misrepresentation, indemnity and breach of the implied covenant not to sue. The suit concerned an opinion letter written by Collins and presented to Continental in connection with a twenty-five million dollar loan to Meyerland Company, a client of Collins.

Continental made the loan to Meyerland Company. Meyerland Company and its president, William Michael Adkinson, were represented by Collins. As a condition to the loan closing, Continental required the borrower to furnish an attorney's opinion letter in a form acceptable to Continental. Collins, as attorney for Meyerland Company and Adkinson, signed and delivered the requested opinion letter to the addressee,

Continental. The letter, in relevant part, stated:

(a) The Loan as reflected in the Loan Documents is not usurious under applicable law in effect at this time.

(b) We have no current, actual knowledge that the Loan Documents violate, conflict with, or result in the breach of, or constitute a default under any applicable laws ...

Subsequently, Meyerland Company and Adkinson (represented by Collins as their attorney) brought suit against Continental claiming that the loan, the subject of the opinion letter, was usurious and violated state law. A judgment in that case was rendered against Meyerland Company and Adkinson on May 26, 1987. An appeal of that case is currently pending, after removal, in the United States Court of Appeals for the Fifth Circuit.

Continental then brought this suit against Collins based on the opinion letter. On December 19, 1989, the case was called to trial before the court. The judgment rendered by the trial court is the basis of this appeal.

The first hurdle that confronts this court is what decision was rendered by the trial court. Did the court grant a final judgment in favor of Collins after a trial on the merits, or did it grant a summary judgment in favor of Collins? Continental and Collins hold opposing views on this question.

Collins filed two motions for summary judgment before this case was called to trial. The first, filed in December of 1988, responded to all of Continental's alleged causes of action. The second, filed in October of 1989, asserted the defense of res judicata. The first motion was denied by the trial court by order signed January 27, 1989. On December 19, 1989, the trial court called the case for trial. However, before the trial began, the trial court reconsidered Collins' first motion for summary judgment and also heard the second. Then

the court signed a judgment dated December 19, 1989, containing the following:

Defendant's Motion for Summary Judgment filed herein on December 9, 1988 is reconsidered and granted as to Plaintiff's and Intervenor's claims made pursuant to Restatement of Torts (2d) Section 552 and that Defendant's Motion for Summary Judgment filed October 26, 1989 is granted.

It is apparent from the words in the judgment and the record that what occurred was a summary judgment, not a judgment following a trial on the merits. Therefore, this court will review this case under the standard of review for a summary judgment.

In its first point of error Continental alleges the trial court erred in granting summary judgment based on the defense of res judicata raised in Collins' second motion for summary judgment. We agree.

In his second motion for summary judgment, Collins claimed that the suit filed by Continental against him is barred because of a prior judgment in the suit brought by Meyerland Company and Adkinson against Continental.[1] Collins contends the prior suit involved the same parties, subject matter and issues, and thus, the present suit by Continental is barred by the doctrine of res judicata.

The initial question to be resolved is whether Collins provided evidence to support a summary judgment based on the defense of res judicata.

A summary judgment is not entitled to the same deference given to a judgment following a trial on the merits. When reviewing the granting of a summary judgment, the appellate court does not view the evidence in the light most favorable to the judgment of the trial court. At either the trial or appellate level, the question is not simply whether the non-movant raised a material fact issue to defeat the motion, rather, the movant must prove it was entitled to a judgment as a matter of law or

---

1. The suit by Meyerland and Adkinson against Continental originally began in the Texas state court and was appealed to the First Court of Appeals in Houston. The case was removed from the First Court of Appeals to the Federal District Court and at the time of this opinion is pending in the Fifth Circuit on Motion for Rehearing En Banc.

this court must remand the case for a trial on the merits. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828–829 (Tex.1970); TEX.R.CIV.P. 166a(c). The standard for reviewing a summary judgment have been clearly mandated by the Texas Supreme Court:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–549 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–311 (Tex.1984).

To be entitled to summary judgment based on the defense of res judicata, appellee had to prove that as a matter of law there was an identity of parties, subject matter, and issues. *See Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). Collins' summary judgment proof consisted of an affidavit by him stating that he was the attorney for Adkinson in the prior suit, a copy of the judgment from the prior suit, a copy of the opinion letter, and some extracts of testimony from the prior suit.

### PARTIES

■ The prior suit was brought against Continental by Meyerland and Adkinson. Collins admits in his affidavit, part of his summary judgment proof, that he was the attorney for Adkinson in the prior suit. He clearly was not a party to the prior suit. Collins argues in his second motion for summary judgment that the defense of res judicata applies to parties and those in privity with them. Since Collins was not a party to the prior suit, he must be contending that he was in privity with his client Adkinson. Collins has cited no law to this court to support his contention that an attorney is in privity with his client. It would be a surprise to this court and to the lawyers of the state of Texas to learn that by virtue of mere representation a lawyer establishes privity with his client. As pointed out by Continental, does the appellee, by virtue of his implied claim of privity, accept responsibility for the money judgment rendered against his client in the prior suit? It hardly seems likely.

Collins failed to establish by competent summary judgment proof an identity of parties as required to establish res judicata. In fact, the summary judgment proof shows that he was not a party to the prior suit or in privity with a party thereto.

### SUBJECT MATTER

■ The Texas Supreme Court has stated:

... the term "subject matter" refers to the claims or controversy at issue in the earlier suit and not to the transaction out of which the suit arose.

*Griffin v. Holiday Inns of America*, 496 S.W.2d 535, 537–538 (Tex.1973). Collins brought forward only the judgment in the prior suit as summary judgment proof. That is insufficient to prove as a matter of law what the issues in the prior case were. The judgment does not sufficiently describe the causes of action in the prior suit to allow the trial court to determine as a matter of law that the subject matter was the same. Further, from the briefs of both Continental and Collins, it is clear that the prior suit involved claims completely different from those in this case. While both suits arose out of the same transaction, the loan and the attorney's opinion letter, the claims are very different. Collins failed to prove the suits involved the same subject matter.

### ISSUES

■ To establish that the issues in the two suits were identical, Collins argues that Special Issues Nos. 23, 24 and 25, which are recited in the judgment, prove the suits involved the same issues. However, it was the burden of Collins to prove that the judgment depended on those is-

sues. If Collins could not prove the judgment was dependent on those determined issues, the relitigation of those issues is not precluded in a subsequent action. *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381 (Tex.1985) (quoting the Restatement (Second) of Judgments § 27). Collins did not claim in his affidavit or prove by any competent summary judgment evidence that the judgment in the prior suit depended on the specified issues. As with the issue of subject matter, Collins has not proved identity of issues.

Collins failed to prove as a matter of law that the parties, subject matter and issues were identical; thus, summary judgment based on the defense of res judicata was improper. In fact, the evidence shows that there can be no res judicata defense based on the prior suit. Continental's first point of error is sustained.

In its second point of error, Continental contends the trial court erred in granting summary judgment in favor of Collins as to claims made pursuant to the Restatement of Torts (Second) § 552.

This section of the Restatement provides in part:

Information Negligently Supplied for the Guidance of Others

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies *false information* for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. (emphasis added).

Continental alleges that Collins violated this section when he wrote the opinion letter stating the loan in question was not usurious and did not violate state law and then later represented Adkinson in a suit claiming just the opposite.

The first motion for summary judgment was filed by Collins before Continental had filed any pleadings alleging a cause of action under § 552. By the time the trial court reconsidered the first motion for summary judgment, Continental had filed its First Amended Original Petition expressly alleging a cause of action under § 552. In addition, the amended petition repeated allegations of all causes of action set forth in the original petition.

■ Continental contends that because the first motion for summary judgment did not expressly address the cause of action under § 552 the trial court erred in granting summary judgment as to the § 552 claim. However, at the December 19, 1989, proceedings the parties stipulated that the first summary judgment motion could be treated as having indicated therein the position that there is no cause of action based on § 552. Continental's argument that the stipulation made in open court constituted oral testimony not permitted by Tex. R.Civ.P. 166a(c) is untenable.

■ However, at the time the trial court reconsidered the first motion for summary judgment and specifically addressed the question whether there was any summary judgment proof of a cause of action under § 552, attorneys for both parties stated repeatedly and unequivocally that the opinion letter signed by Collins contained no *false information.* Continental argued before the trial court and again in this court that although the opinion letter contained no false information the letter contained information that was misleading. Continental had alleged in its First Amended Original Petition that its cause of action under § 552 was based on negligence of Collins in stating in his opinion letter that the loan transaction was not usurious when he knew Continental would rely on that statement and also knew that his client would make a claim of usury. Those allegations are the basis for Continental's argument concerning misleading information.

Continental cites no cases holding § 552 applicable to the furnishing of misleading information. The words of § 552 clearly require the negligent furnishing of *false information.* Therefore, the trial court correctly granted the summary judgment

in favor of Collins as to the § 552 cause of action.

In its third point of error Continental makes this contention: since the trial court erred in granting summary judgment based on res judicata, the court erred in rendering a final summary judgment for Collins that specifically addressed only Continental's claim under § 552, leaving unresolved causes of action against Collins based on theories of ordinary negligence, misrepresentation, indemnity and breach of implied contract.

It is clear from the provisions of the final summary judgment and the court reporter's record made at the time the trial court granted the summary judgment that the only basis for the court making the summary judgment final was the ruling that all causes of action alleged by Continental were barred by res judicata. The above quoted provisions of the summary judgment and the court's remarks at the proceedings of December 19, 1989 establish that the trial court never ruled on these additional causes of action:

> The Court has reviewed other causes of action by plaintiff against Mr. Collins. The Court is of the opinion that there is no cause of action under 552 against Mr. Collins. The Court is not as sure about whether there is or isn't a cause of action on the theory of misrepresentation or the theory of damages so that brings us into consideration of the second motion for summary judgment filed by Mr. Collins where Mr. Collins raises the point that any suit of the plaintiff is collaterally estopped or is barred by res judicata.

The trial court did not rule that Collins was entitled to a summary judgment as to the additional causes of action in the event Collins' res judicata defense was not good. Therefore, the summary judgment granting final judgment in favor of Collins must be reversed even though this court holds the trial court correctly granted summary judgment as to the claims under § 552.

In its fourth point of error, Continental maintains the trial court erred by not substituting the Resolution Trust Corporation (RTC) as plaintiff.

It is unclear why the trial court refused to substitute RTC, however, we are sure that the trial court, upon the retrial of this case, will follow the mandates of the Financial Institutions Reform, Recovery, and Enforcement Act. The Act provides that RTC shall be substituted as a party in any civil action in which its predecessor in interest was a party with respect to institutions subject to February 7, 1989, Management Agreement. FIRREA, § 501(*l*)(2). Continental Savings was such a predecessor.

The summary judgment in favor of Collins as to the claim under the Restatement of Torts (Second) § 552 is affirmed. As to all other causes of action alleged by Continental in its First Amended Original Petition the judgment of the trial court is reversed, severed and remanded to the trial court.

PAUL PRESSLER, J., not participating.