Boyds of Texas, Inc. v. Spigel 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-166-CV

     BOYDS OF TEXAS, INC.,
                                                                                              Appellant
     v.

     STANLEY SPIGEL,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 204-90
                                                                                                    

O P I N I O N
                                                                                                    

      Boyds of Texas, Inc. sued Stanley Spigel on various theories arising from a landlord-tenant
dispute. This is an appeal from a judgment in favor of Spigel. Boyds alleges that the trial court
erred: (1) in sustaining Spigel's objection to Boyds' summary judgment affidavit of Norma
Garrett and in granting Spigel's motion to strike; (2) in granting Spigel's summary-judgment
assertion that Boyds' claims are barred by res judicata; and (3) in granting summary judgment for
Spigel on a counterclaim.
      Boyds' first point states that the trial court erred in reading Rule 166a(c) to require service
of a signed copy of a summary-judgment affidavit on opposing counsel. See Tex. R. Civ. P.
166a(c). We do not find Rule 166a(c) to be so restrictive. The original affidavit of Norma Garrett
was signed and filed in a timely manner. Spigel does not complain that the unsigned copy of the
affidavit served on him varied from the original in any manner except for the missing signature. 
The unsigned copy of the original affidavit served its purpose by notifying opposing counsel and
should have been allowed. We sustain point one.
      Boyds' second and third points state that the trial court erred in granting summary judgment
in favor of Spigel and against Boyds. In reviewing the summary judgment motions, we must
determine whether Spigel, as movant, met his burden by establishing that no genuine issue of
material fact exists and that he was entitled to judgment as a matter of law. See Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985). We must accept all evidence
favorable to Boyds as true. See id. at 548-49. Every reasonable inference must be indulged in
favor of Boyds and all doubts resolved in its favor. See id. at 549.
      Boyds sued Spigel for (1) conversion, (2) breach of lease, and (3) deceptive trade practices. 
Spigel contends that Boyds' claims for conversion and breach of lease have been previously
decided in Spigel's favor and are barred by res judicata. Additionally, Spigel argues that any
"unconscionable actions" under the DTPA have been previously determined to have been
authorized by the lease agreement.
      To be entitled to summary judgment based on the defense of res judicata, Spigel must prove
as a matter of law that there was an identity of parties, subject matter, and issues. See Continental
Sav. Ass'n v. Collins, 814 S.W.2d 829, 832 (Tex. App.—Houston [14th Dist.] 1991, no writ). 
The term "subject matter" refers to the claims or controversy at issue in the earlier suit and not
to the transaction out of which the suit arose. Id. (citing Griffin v. Holiday Inns of America, 496
S.W.2d 535, 537-38 (Tex. 1973)).
      Boyds claims that Spigel failed to enforce their lien or security interest in property which
Spigel took possession of in October 1989. Boyds argues that this failure was "unconscionable
conduct" and constituted both a conversion and a breach of the lease agreement. Spigel offers this
court's decision of April 15, 1992, as evidence in support of its motion for summary judgment. 
However, in the prior decision, we held only that Spigel did not convert Boyds' property by
changing the locks on Boyds' store. This remedy was authorized by the lease, which we held
remained in effect. Spigel has failed to demonstrate as a matter of law that Boyds' subsequent
claims for conversion and breach of lease are identical to the original claims.
      Additionally, Boyds claims that Spigel's unconscionable conduct violated the DTPA. Boyds
claims that: (1) Spigel misrepresented that he would take no collection efforts and cooperate with
Boyds regarding rent and (2) Spigel breached his duty to enforce his lien or security interest in a
commercially reasonable manner. Spigel alleges that any unconscion-able actions were authorized
by the lease and cannot be deemed unconscionable as a matter of law. Spigel's summary judgment
evidence does not establish as a matter of law that no duty existed under the lease or that Spigel
met his duty in disposing of Boyds' property. We sustain Boyds' second point. 
      Boyds' final point asserts that Spigel was not entitled to summary judgment on his
counterclaim for unpaid basic rental, percentage rental, maintenance charges, and attorney's fees. 
Boyds' response to Spigel's Motion for Summary Judgment contains the affidavit of Norma
Garrett, which we have previously determined should have been allowed. Her affidavit states that
maintenance charges and unpaid rentals were incorrectly calculated by Spigel. Additionally,
Boyds offers its attorney's affidavit, which expresses his opinion that "$4,000 is not a reasonable
fee." If different inferences can be drawn from the summary judgment evidence, a summary
judgment should not be granted. Nixon, 690 S.W.2d at 549.
      Accepting all evidence in Boyds' favor as true and indulging every reasonable inference and
resolving all doubts in its favor, we find that Spigel failed to prove that no genuine issue of
material fact exists or that he is entitled to summary judgment on his counterclaim as a matter of
law. See id. at 548. We sustain Boyds' third point.
      We reverse the summary judgment and remand the cause for trial.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed March 23, 1994
Do not publish