

NUMBER 13-12-00048-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RONALD ROGERS,
INDIVIDUALLY AND
AS EXECUTOR OF
THE ESTATE OF
LOUIS ROGERS,                                                    **Appellant,**

**v.**

TED L. WALKER,                                                   **Appellee.**

## On appeal from the 1st District Court
## of Jasper County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Perkes and Longoria**
**Memorandum Opinion by Justice Longoria**

By five issues, appellant, Ronald Rogers, individually and as executor of the estate of Louise Rogers, appeals a final summary judgment entered in favor of appellee, Ted L. Walker. We affirm in part and reverse in part.

## I. BACKGROUND[1]

Ted L. Walker and his father, Ted G. Walker, are both lawyers. In October 1996, Ted G. Walker prepared a will for Louise Rogers.[2] In her will, Louise Rogers named appellant, her stepson, as the executor of her estate. Following her death in 2004, appellant filed his application for probate of will and issuance of letters testamentary. Subsequently, Gayle Creel, Louise Rogers' natural child, retained Ted L. Walker to file (1) an opposition to appointment of appellant as executor, (2) application for appointment of dependent administrator, and (3) application for letters of administration with will annexed. After a hearing, the trial court issued an order appointing Creel to be the executor of Louise Rogers' estate.

Thereafter, appellant filed an appeal with the Beaumont Court of Appeals. While the appeal was pending, Ted L. Walker continued representing Creel, who continued acting as the executor of Louise Rogers' estate. On June 15, 2006, the Beaumont Court of Appeals issued a memorandum opinion, holding that "the trial court abused its discretion by denying [appellant's] application for probate of the will and issuance of letters testamentary." *See Rogers v. Creel*, No. 09-06-012-CV, 2006 Tex. App. LEXIS 5415, at *5 (Tex. App.—Beaumont June 15, 2006, no pet.) (mem. op.). The Beaumont

---

[1] This case is before the Court on transfer from the Beaumont Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] As set forth below, the parties dispute whether an attorney-client relationship existed between Ted L. Walker and Louise Rogers.

Court of Appeals reversed the trial court's order and remanded the case for further proceedings. *See id.*

On July 17, 2006, the trial court signed an order granting Ted L. Walker's motion to withdraw as counsel for Creel. On September 5, 2006, Creel revealed that he had paid money from the estate to creditors and to himself without court approval. In response, appellant, now acting as the executor of the estate, filed a motion to set aside and to require Creel to return the estate's assets, alleging that Creel's actions "constitute fraud and embezzlement against the estate." After a hearing, the trial court signed an order granting appellant's motion, awarding the estate a judgment against Creel in the amount of $76,451.60, plus attorney's fees in the amount of $4,000. Thereafter, appellant filed a motion to sever, which the trial court granted.

Subsequently, on June 13, 2008, appellant commenced the instant suit against Ted L. Walker for fraud, conspiracy, breach of fiduciary duty, legal malpractice, and declaratory judgment.[3] Thereafter, Ted L. Walker filed a motion for summary judgment, arguing that appellant's claims for fraud, conspiracy, and breach of fiduciary duty were barred by res judicata. The trial court granted the motion for summary judgment on those claims. Ted L. Walker also filed a motion for summary judgment on appellant's claims for breach of fiduciary duty and legal malpractice. The trial court granted the motion for summary judgment on those claims.[4] Subsequently, Ted L. Walker filed a motion to disqualify appellant's attorney from representing appellant at trial on the basis

---

[3] Appellant brought suit in his individual capacity and as the executor of Louise Rogers' estate against Ted L. Walker, Ted G. Walker, and Creel. Subsequently, appellant non-suited the claims against Ted G. Walker, and the trial court severed the claims against Creel. Thus, Ted L. Walker is the only defendant in this cause.

[4] Thus, the trial court granted summary judgment twice on appellant's claim for breach of fiduciary duty.

that he would be testifying as a witness on a contested fact issue. The trial court granted the motion to disqualify. Finally, the trial court granted Ted L. Walker's special exceptions to appellant's claim for declaratory judgment and dismissed the claim, thereby creating a final judgment. This appeal ensued.

## II. STANDARD OF REVIEW

We review summary judgments de novo. *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). In a traditional motion for summary judgment, the movant has the burden of showing both that there is no genuine issue of material fact and entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see also Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 772 (Tex. App.—Corpus Christi 2003, no pet.). In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant is taken as true, and all reasonable inferences are made, and all doubts are resolved, in favor of the nonmovant. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

Summary judgment is proper if the movant disproves at least one element of each of the plaintiff's claims or affirmatively establishes each element of an affirmative defense to each claim. *Id.*; *see also Duvall v. Tex. Dep't of Human Servs.*, 82 S.W.3d 474, 477 (Tex. App.—Austin 2002, no pet.) ("A defendant who moves for [traditional] summary judgment must disprove at least one essential element of the plaintiff's causes of action."). "[S]ummary judgment proof [is] necessary to establish the movant's right [to a traditional summary judgment]." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). The nonmovant has no burden to respond to a traditional summary judgment motion unless the movant conclusively establishes its cause of

4

action or defense. *Swilley*, 488 S.W.2d at 68. "Evidence is conclusive only if reasonable people could not differ in their conclusions, a matter that depends on the facts of each case." *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

### III. RES JUDICATA

In his first issue, appellant argues that summary judgment was improper on his claims for fraud, conspiracy, and breach of fiduciary duty based on Ted L. Walker's affirmative defense of res judicata.

### A. Applicable Law

"The doctrine [of res judicata] seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). "The party relying on the affirmative defense of res judicata must prove (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Although the parties dispute all the elements of res judicata, for purposes of reaching a final decision in this appeal, it is only necessary to discuss the second element as it relates to privity. *See* TEX. R. APP. P. 47.1.

"People can be in privity in at least three ways: (1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 653 (Tex.

1996).  "There is no general definition of privity that can be automatically applied in all res judicata cases."  *Getty Oil Co. v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992).   Therefore, "the determination of who are privies requires careful examination into the circumstances of each case as it arises."  *Benson v. Wanda Petroleum Co*., 468 S.W.2d 361, 363 (Tex. 1971).  "It has been emphasized that privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts."  *Id*.

**B.  Ted L. Walker's Motion for Summary Judgment**

Ted L. Walker sought summary judgment on the basis that he was in privity with Creel in the probate action.  In his motion, Ted L. Walker stated that for purposes of res judicata, people are in privity if they (1) share an identity of interests, (2) are agent and principal, or (3) are co-conspirators.  In support of his motion, Ted L. Walker attached a copy of appellant's first amended petition in this suit, wherein appellant alleged that Ted L. Walker worked together with Creel, his client, in defrauding Louise Rogers' estate.

**C.  Appellant's Response**

In his response to the motion for summary judgment, appellant argued that Ted L. Walker had failed to conclusively establish privity because (1) there was no evidence that Creel represented Ted L. Walker's interests in the probate action, (2) the attorney-client relationship between Ted L. Walker and Creel terminated before appellant asserted his claims against Creel in the probate action, and (3) there was no allegation of conspiracy in the probate action.

## D. Discussion

For the reasons set forth below, we conclude that summary judgment was improper because Ted L. Walker did not conclusively establish the element of privity. *See Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990) ("The movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively establishing all essential elements of his cause of action or defense as a matter of law.").

First, there was no evidence that Creel represented Ted L. Walker's interests in the probate action. *See Benson*, 468 S.W.2d at 363 ("[P]rivity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right."). In fact, it is unclear what interest Ted L. Walker had in the probate action. *See Tex. Real Estate Comm'n v. Nagle*, 767 S.W.2d 691, 694 (Tex. 1989) ("Privity does not exist merely when persons are interested in the same question, but requires an identity of interest in the legal right actually litigated."). The motion for summary judgment did not state that Ted L. Walker had an interest in the probate action, identify his interest, or state that Creel could have represented his interest.[5] Thus, the motion did not conclusively establish that Ted L. Walker and Creel "share[d] an identity of interests in the basic legal right that [was] the subject of litigation." *Amstadt*, 919 S.W.2d at 653. Accordingly, the summary judgment cannot be affirmed on this ground.

---

[5] *See Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex. 1979) ("[T]he reasons for the summary judgment . . . must be in writing and before the trial judge at the hearing."); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("It is not this Court's duty to review the record, research the law, and then fashion a legal argument for [a motion for summary judgment] when [the movant] has failed to do so.").

Second, the attorney-client allegations in appellant's first amended petition do not conclusively establish privity.[6] In his motion for summary judgment, Ted L. Walker argued that privity was established because appellant alleged that he was acting as Creel's attorney when the two men defrauded Louise Rogers' estate. *See In re George*, 28 S.W.3d 511, 516 (Tex. 2000) ("The attorney is the agent of the client, . . . representing the client . . . ."). Yet, it is unclear how these allegations establish privity for purposes of res judicata.[7] We cannot read between the lines[8] or supply our own reasons to affirm the trial court's ruling.[9] On their face, the allegations do not conclusively establish that (1) Ted L. Walker controlled the probate action, (2) Creel represented Ted L. Walker's interests in the probate action, or (3) Ted L. Walker is

---

[6] *See Laidlaw Waste Sys. v. City of Wilmer*, 904 S.W.2d 656, 661 (Tex. 1995) (stating that the court is "convinced that orderly judicial administration will be better served in the long run if we refuse to regard pleadings, even if sworn, as summary judgment evidence"); *but see Judwin Props. v. Griggs & Harrison*, 911 S.W.2d 498, 504 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("Pleadings may be used as summary judgment evidence when they contain statements rising to the level of admitting a fact or conclusion which is directly adverse to that party's theory or defense of recovery."); *Pentad Joint Venture v. First Nat'l Bank*, 797 S.W.2d 92, 97 (Tex. App.—Austin 1990, writ denied) ("[A] party may plead itself out of court by affirmatively pleading facts that negate his cause of action.").

[7] *See Continental Sav. Ass'n v. Collins*, 814 S.W.2d 829, 832 (Tex. App.—Houston [14th Dist.] 1991, no writ) ("It would be a surprise to this court and to the lawyers of the state of Texas to learn that by virtue of mere representation a lawyer establishes privity with his client."); *Ward v. Braun*, 417 S.W.2d 888, 896 (Tex. App.—Corpus Christi 1967, no writ) (Nye, J., concurring) ("[T]he law is a wilderness of single instances.").

[8] *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993) ("[A]n appellate court cannot read between the lines, infer or glean from the pleadings or the proof any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court in the motion for summary judgment."); *see also Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 777 n.1 (Tex. 1995) (Cornyn, J., dissenting) ("When you get the dragon out of his cave on to the plain and in the daylight, you can count his teeth and claws, and see just what is his strength. But to get him out is only the first step. The next is either to kill him, or to tame him and make him a useful animal.") (quoting Oliver Wendell Holmes, Jr., *The Path of the Law*, 10 HARV. L. REV. 457, 469–70 (1897)).

[9] *See McConnell*, 858 S.W.2d at 342 ("[S]ummary judgments must stand or fall on their own merits, and the non-movant's failure to except or respond cannot supply by default the grounds for summary judgment or the summary judgment proof necessary to establish the movant's right—the movant's right is not established and the movant must still assert grounds in the motion for summary judgment itself and establish its entitlement to summary judgment."); *Leach v. Tex. Tech Univ.*, 335 S.W.3d 386, 395 (Tex. App.—Amarillo 2011, pet. denied) ("Though some may find it fun to engage in creative legal gymnastics to achieve a desired end, we opt not to join them."); *Paselk v. Rabun*, 293 S.W.3d 600, 613 (Tex. App.—Texarkana 2009, pet. denied) ("It is not the proper role of this Court to create arguments for a [party]—we will not do the job of the advocate.").

Creel's successor in interest. *See Amstadt*, 919 S.W.2d at 653. Accordingly, the summary judgment cannot be affirmed on this ground.

Finally, the conspiracy allegations in appellant's first amended petition do not conclusively establish privity. In this suit, appellant alleges that Ted L. Walker conspired with Creel to defraud Louise Rogers' estate; however, in the probate action, appellant did not make any conspiracy allegations. Thus, there is no evidence that Creel had an interest in the probate action in disproving the existence of a conspiracy.[10] Furthermore, on their face, the conspiracy allegations in this suit do not conclusively establish that (1) Ted L. Walker controlled the probate action, (2) Creel represented Ted L. Walker's interests in the probate action, or (3) Ted L. Walker is Creel's successor in interest. *See Amstadt*, 919 S.W.2d at 653. Accordingly, the summary judgment cannot be affirmed on this ground.

In sum, appellant has negated each of the three grounds expressly set out in the motion for summary judgment. Nevertheless, our dissenting colleague would affirm the summary judgment on the basis that Ted L. Walker could have been made a party to the probate action.[11] As a preliminary matter, we note that this ground was not raised in the motion, and therefore, it is not a proper basis for affirming the summary judgment. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("[A] summary

---

[10] *See Jonalstem, Ltd. v. Corpus Christi Nat'l Bank, N.A.*, 923 S.W.2d 701, 705 (Tex. App.—Corpus Christi 1996, writ denied) ("[A]ll of the defendants in the present case are privies of Lo-Vaca, which had an interest in the first suit in demonstrating that no conspiracy existed."); *see also RenewData Corp. v. eMag Solutions, LLC*, No. 03-05-00509-CV, 2009 Tex. App. LEXIS 3144, at *15 (Tex. App.—Austin May 6, 2009, pet. filed) (mem. op.) ("Because Strickler was not defending against a conspiracy claim in the Strickler suit, he had no such interest in disproving a conspiracy with the eMag Defendants.").

[11] Although the dissent states that it would affirm the summary judgment, it fails to discuss whether Ted L. Walker conclusively established the other two elements of res judicata, which are also contested in this appeal and necessary to affirm the summary judgment. In light of our disposition, however, we do not reach those issues.

9

judgment cannot be affirmed on grounds not expressly set out in the motion or response."). Furthermore, even if Ted L. Walker could have been made a party to the probate action, it does not follow that privity is therefore conclusively established. The dissent fails to discuss the controlling legal standard for privity, under which privity is established if (1) Ted L. Walker controlled the probate action, (2) Creel represented Ted L. Walker's interests, or (3) Ted L. Walker was a successor in interest to Creel. *See Amstadt*, 919 S.W.2d at 653. On its own, the fact that Ted L. Walker could have been made a party to the probate action does not conclusively establish any of the foregoing criteria. Therefore, even if it had been raised in the motion, this is not a proper basis for affirming the summary judgment. Accordingly, we decline to follow the dissent.

Based on the foregoing, we conclude that the trial court erred in granting summary judgment in favor of Ted L. Walker on the affirmative defense of res judicata. Appellant's first issue is sustained.

## IV. LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY

In his second issue, appellant argues that the trial court erred in granting Ted L. Walker's motion for summary judgment on appellant's claims for legal malpractice and breach of fiduciary duty.

### A. Applicable Law

Legal malpractice and breach of fiduciary duty are closely related, but they are distinct claims. "A legal malpractice claim focuses on whether an attorney represented a client with the requisite level of skill, while a breach of fiduciary duty claim encompasses whether an attorney obtained an improper benefit from the representation." *Duerr v. Brown*, 262 S.W.3d 63, 71 (Tex. App.—Houston [14th Dist.]

10

2008, no pet.). "Breach of fiduciary duty involves conduct including failure to disclose conflicts of interest; a failure to deliver funds belonging to the client; placing personal interests ahead of a client's interests; misuse of client confidences; taking advantage of the client's trust; engaging in self-dealing; and making material misrepresentations." *Id.*

"To prevail on a legal malpractice claim, the plaintiff must prove the defendant owed the plaintiff a duty, the defendant breached that duty, the breach proximately caused the plaintiff's injury, and the plaintiff suffered damages." *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009). Similarly, "[t]o recover on a breach of fiduciary duty claim, the plaintiff must first establish the existence of a duty, that is, the existence of a fiduciary relationship." *Gregan v. Kelly*, 355 S.W.3d 223, 227 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

## B. Discussion

In his motion, Ted L. Walker raised five grounds for summary judgment: (1) he did not owe the decedent, Louise Rogers, any duty; (2) he did not breach any duty owed to the decedent; (3) the decedent did not suffer any injury; (4) the malpractice claim is barred by the statute of limitations; and (5) he did not owe any duty to appellant in his individual capacity. The trial court granted the motion without stating the basis for its ruling. Therefore, appellant has the burden to negate each possible basis for the trial court's ruling. *See Kiger v. Balestri*, 376 S.W.3d 287, 290 (Tex. App.—Dallas 2012, no pet.) ("When, as in this case, the trial court does not state the basis for granting summary judgment, the appellant must show on appeal that each independent ground alleged is insufficient to support the summary judgment granted."); *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 493 (Tex. App.—Fort Worth 2002, pet. denied) ("When,

11

as in this case, the trial court's judgment rests or may rest upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made."). For purposes of this analysis, we will focus on the element of duty.

In his motion for summary judgment, Ted L. Walker argued that the evidence attached to his motion established that he did not have an attorney-client relationship with the decedent and that he therefore did not owe a duty to her as an attorney or a fiduciary. *See Yaklin v. Glusing, Sharpe & Krueger*, 875 S.W.2d 380, 383 (Tex. App.—Corpus Christi 1994, no writ) ("[W]hen the defendant moves for a summary judgment because no attorney-client relationship exists, the defendant takes on the burden of proving the non-existence of the relationship as a matter of law."). Ted L. Walker's summary judgment evidence included his affidavit and affidavits by his father and mother. As set forth above, Ted L. Walker and his father, Ted G. Walker, are both attorneys. Ted G. Walker prepared Louise Rogers' will. There is no dispute that Ted G. Walker had an attorney-client relationship with Louise Rogers. The parties dispute whether Ted L. Walker had an attorney-client or other fiduciary relationship with Louise Rogers.

The affidavits of Ted L. Walker, Ted G. Walker, and Ted L. Walker's mother each attest to the fact that, at the time he prepared Louise Rogers' will, Ted G. Walker was not affiliated in any way with Ted L. Walker's law practice. In his affidavit, Ted L. Walker also states that Louise Rogers "never hired me, my firm or any member of my firm to prepare her will." According to Ted L. Walker's affidavit, "No one in my firm, including myself, ever met with [the decedent] or anyone else concerning preparation of her will

12

or provided advice to her regarding her will." We conclude that Ted L. Walker's summary judgment evidence conclusively established that Ted L. Walker did not have an attorney-client relationship with the decedent and therefore did not owe her any duty. Therefore, the burden shifted to appellant to raise a genuine issue of material fact precluding summary judgment. *See Swilley*, 488 S.W.2d at 68.

In his response, appellant argued that summary judgment was improper because his evidence raised a fact issue regarding the existence of a professional association between Ted L. Walker and Ted G. Walker at the time the decedent's will was prepared in October 1996. Specifically, appellant argued that his evidence showed that Ted G. Walker became an associate of Ted L. Walker's law firm "close to when the will was drafted." Appellant's evidence included a pleading dated December 26, 1996 that was signed by Ted G. Walker as a member of Ted L. Walker's law firm. Appellant's evidence also included an advertisement that appeared in the 1997 Texas Legal Directory that identified Ted G. Walker as an associate with Ted L. Walker's law firm. Appellant also produced evidence of a similar advertisement that appeared in the 1995 Texas Legal Directory. Finally, appellant relied on the deposition testimony of Ted G. Walker stating that someone who saw the listing might come to the conclusion that he was associated with Ted L. Walker's law firm.

Appellant's evidence does not raise a genuine issue of material fact regarding the existence of an attorney-client or fiduciary relationship between Ted L. Walker and the decedent. At most, appellant's evidence establishes the existence of a professional association between Ted L. Walker and Ted G. Walker. It is undisputed that there was an attorney-client relationship between Ted G. Walker and the decedent. Appellant

13

suggests that this attorney-client relationship may be imputed to Ted L. Walker because Ted G. Walker was associated with Ted L. Walker's law firm at the time the decedent's will was prepared in October 1996. Appellant has not offered any authority to support this proposition.[12] Accordingly, we follow "[t]he general rule . . . that persons who are not in privity with the attorney cannot sue the attorney for legal malpractice." *McCamish v. F. E. Appling Interests*, 991 S.W.2d 787, 792 (Tex. 1999). We conclude that appellant failed to raise a genuine issue of material fact regarding the existence of a duty owed to Louise Rogers or to appellant. Accordingly, the trial court did not err in granting summary judgment in favor of Ted L. Walker on appellant's claims for legal malpractice and breach of fiduciary duty.

Appellant's second issue is overruled.

## V. SPECIAL EXCEPTIONS

In his third issue, appellant argues that the trial court erred in granting Ted L. Walker's special exceptions and striking appellant's claim for declaratory judgment without giving appellant an opportunity to replead.

### A. Applicable Law

"[W]hen special exceptions are sustained, the pleader must be given, as a matter of right, an opportunity to replead." *Rodriguez v. U.S. Sec. Assocs.*, 162 S.W.3d 868, 874 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "Only after special exceptions have been sustained and a party has been given an opportunity to amend its pleadings may a case be dismissed for failure to state a cause of action." *Id*.

---

[12] We note that "[t]here is, in effect, an irrebuttable presumption that an attorney in a law firm has access to the confidences of the clients and former clients of other attorneys in the firm." *See Nat'l Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 131 (Tex. 1996) (orig. proceeding). However, we have found no precedent for using this rule to create an attorney-client relationship that would not otherwise exist.

## B. Standard of Review

"When a trial court dismisses a case upon special exceptions for failure to state a cause of action, we review that issue of law using a de novo standard of review." *Filipp v. Till*, 230 S.W.3d 197, 203 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

## C. Discussion

In his brief, appellant argues that the trial court erred in granting the special exceptions and dismissing his claim for declaratory judgment for two reasons: (1) appellant was not given an opportunity to respond to the special exceptions; and (2) appellant was not given an opportunity to replead his claim.

Appellant's first point is not supported by an argument, authorities, or appropriate citations to the record. *See* Tex. R. App. P. 38.1. Accordingly, it is waived. *See Leblanc v. Lange*, 365 S.W.3d 70, 85 n.3 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("An appellant waives an issue on appeal if he fails to adequately brief that issue by presenting supporting arguments and authorities.").

With regard to appellant's second point, the record indicates that the trial court previously granted special exceptions on appellant's claim for attorney's fees and gave appellant an opportunity to replead that claim. Appellant chose to replead the claim as a claim for attorney's fees under the declaratory judgment act. Then, Ted L. Walker filed more special exceptions, which the trial court granted. Appellant does not take issue with the trial court's granting of the special exceptions. Instead, appellant argues that the trial court should have given him an opportunity to amend his pleadings before dismissing his claim. We agree.

15

"One area in which the trial court does not have any discretion is in the requirement that a party be given the opportunity to amend after special exceptions are sustained." *Cruz v. Morris*, 877 S.W.2d 45, 48 (Tex. App.—Houston [14th Dist.] 1994, no writ). "Pleadings may absolutely not be struck upon sustaining special exceptions without giving the party an opportunity to amend." *Id.*

Appellant's third issue is sustained.

## VI. MOTION FOR SANCTIONS

In his fourth issue, appellant argues that the trial court erred in denying his motion for sanctions under Rule 13 of the Texas Rules of Civil Procedure and Sections 9.02 and 10.004 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 9.012, 10.004 (West 2002); TEX. R. CIV. P. 13.

### A. Standard of Review

"We review the trial court's grant or denial of a motion for sanctions and dismissal under the abuse-of-discretion standard." *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). "A [party] who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles." *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 203 (Tex. App.—Dallas 2011, no pet.). "The trial court's ruling should be reversed only if it was arbitrary or unreasonable." *Id.* "The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar

16

circumstance does not demonstrate that an abuse of discretion has occurred." *Skepnek v. Mynatt*, 8 S.W.3d 377, 380 (Tex. App.—El Paso 1999, pet. denied). "A mere error of judgment is not an abuse of discretion." *Id*.

**B. Applicable Law**

Rule 13 of the Texas Rules of Civil Procedure provides for sanctions against a party or attorney who signs a pleading, motion, or other paper that is "groundless and brought in bad faith or groundless and brought for the purpose of harassment." TEX. R. CIV. P. 13; *Keith v. Solls*, 256 S.W.3d 912, 916 (Tex. App.—Dallas 2008, no pet.). "Groundless" means no basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law. TEX. R. CIV. P. 13. Bad faith is not simply bad judgment or negligence, but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes. *Keith*, 256 S.W.3d at 916. "Harass" is used in a variety of legal contexts to describe words, gestures, and actions that tend to annoy, alarm, and verbally abuse another person. *Id*. at 916–17. Filing a motion or pleading that the trial court denies does not entitle the opposing party to Rule 13 sanctions. *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 668 (Tex. App.—Dallas 2003, no pet.). "Rule 13 requires the trial court to hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the allegedly groundless pleading." *Keith*, 256 S.W.3d at 917; *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ).

Section 9.012(a) of the Texas Civil Practice and Remedies Code provides as follows:

At the trial of the action or at any hearing inquiring into the facts and law of the action, after reasonable notice to the parties, the court may on its own motion, or shall on the motion of any party to the action, determine if a pleading has been signed in violation of any one of the standards prescribed by Section 9.011.

TEX. CIV. PRAC. & REM. CODE ANN. § 9.012(a). Section 9.011 provides as follows:

The signing of a pleading as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry, the pleading is not:

(1) groundless and brought in bad faith;

(2) groundless and brought for the purpose of harassment; or

(3) groundless and interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.

*Id*. § 9.011 (West 2002). Section 9.012(c) of the Texas Civil Practice and Remedies Code provides as follows:

If the court determines that a pleading has been signed in violation of any one of the standards prescribed by Section 9.011, the court shall, not earlier than 90 days after the date of the determination, at the trial or hearing or at a separate hearing following reasonable notice to the offending party, impose an appropriate sanction on the signatory, a represented party, or both.

*Id*. § 9.012(c).

Under Chapter 10 of the Texas Civil Practice and Remedies Code, the signer of a pleading or motion certifies that "each claim, each allegation, and each denial is based on the signatory's best knowledge, information, and belief, formed after reasonable inquiry." *Id*. § 10.001 (West 2002); *see also Low v. Henry*, 221 S.W.3d 609, 615 (Tex. 2007). A trial court may sanction an attorney or party for filing pleadings that have "little or no basis for the claims, no grounds for legal arguments, [contain]

18

misrepresentation of law or facts, or [seek] legal action . . . in bad faith." *Lake Travis Indep. Sch. Dist. v. Lovelace*, 243 S.W.3d 244, 256–57 (Tex. App.—Austin 2007, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 10.004 (authorizing sanctions). There must be a direct nexus between the improper conduct and the sanctions imposed. *Low*, 221 S.W.3d at 614. The sanctions must be imposed on the true offender and tailored to remedy any prejudice caused by the offense. *Thottumkal v. McDougal*, 251 S.W.3d 715, 717 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004)).

Generally, courts presume that pleadings and other papers are filed in good faith. *Low*, 221 S.W.3d at 614; *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993). The party seeking sanctions bears the burden of overcoming this presumption of good faith. *Low*, 221 S.W.3d at 614.

**C. Discussion**

In his 26-page motion for sanctions, appellant complained about Ted L. Walker's use of allegedly "false" affidavits by (1) Ginger Gomez, (2) Ted G. Walker, and (3) Ted L. Walker. In his response, Ted L. Walker argued that the "allegedly inconsistent statements cited in [appellant's] motion do not establish that any of these affidavits are false."

Appellant requested sanctions under Rule 13 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 13. "Rule 13 requires the trial court to hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the allegedly groundless pleading." *Keith*, 256 S.W.3d at 917; *McCain*, 856 S.W.2d at 757. In this case, the trial court did not hold an

19

evidentiary hearing. *See R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 709 (Tex. App.—Waco 2008, pet. filed) ("A trial court must hold an evidentiary hearing to make the necessary factual determinations about the party's or attorney's motives and credibility."); *Neely v. Commission for Lawyer Discipline*, 976 S.W.2d 824, 827 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ("Before a trial court may impose sanctions under rule 13, it must hold an evidentiary hearing."). As a result, the trial court had no evidence to "make the necessary factual determinations about the motives and credibility of the person signing the allegedly groundless pleading." *Keith*, 256 S.W.3d at 917; *see also D Design Holdings*, 339 S.W.3d at 204 ("Rule 13 requires the trial court to hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the allegedly groundless pleading.") (quotation omitted); *Alejandro v. Robstown Indep. Sch. Dist.*, 131 S.W.3d 663, 670 (Tex. App.—Corpus Christi 2004, no pet.) ("[I]t [is] imperative for the trial court to convene and conduct an evidentiary hearing.") (quotation omitted). Furthermore, appellant has not raised an error in the trial court's failure to conduct an evidentiary hearing. On this record, appellant has failed to demonstrate that the trial court abused its discretion in denying his motion for sanctions under Rule 13. *See McDowell v. McDowell*, 143 S.W.3d 124, 131 (Tex. App.—San Antonio 2004, pet. denied) ("Under applicable Texas law, a judgment can be affirmed on any theory of law applicable to the case and supported by the record.").

Appellant also requested sanctions under Section 9.012 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 9.012. Subsection (a) requires the trial court to hold a hearing inquiring into the "facts and law

20

of the action." *Id.* § 9.012(a); *Bisby v. Dow Chem. Co.*, 931 S.W.2d 18, 21 (Tex. App.—Houston [1st Dist.] 1996, no writ) ("Without hearing evidence on the circumstances surrounding the filing of pleadings, the trial court has no evidence to determine whether a party filed the pleadings in bad faith or with the intent to harass."). As noted above, the trial court did not hold an evidentiary hearing on appellant's motion for sanctions. *See Karlock v. Schattman*, 894 S.W.2d 517, 523 (Tex. App.—Fort Worth 1994, orig. proceeding) ("Without hearing evidence on the circumstances surrounding the filing of the pleading signer's credibility and motives, a trial court has no evidence to determine that a pleading was filed in bad faith or to harass."). Thus, the trial court could not "make the necessary factual determinations about the motives and credibility of the person signing the allegedly groundless pleading." *Keith*, 256 S.W.3d at 917; *see also W. Houston Airport, Inc. v. Millennium Ins. Agency, Inc.*, 349 S.W.3d 748, 755 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("A trial court must hold an evidentiary hearing on a party's request for sanctions to make the necessary factual determinations."). As noted above, appellant has not complained about the trial court's failure to conduct an evidentiary hearing. *See Kugle v. Daimlerchrysler Corp.*, 88 S.W.3d 355, 364 (Tex. App.—San Antonio 2002, pet. denied) ("In order to assess sanctions in this case, the trial court was required to conduct an evidentiary hearing to which the rules of evidence necessarily apply."). On this record, appellant has failed to demonstrate that the trial court abused its discretion in denying his motion for sanctions under Section 9.012(c) of the Texas Civil Practice and Remedies Code. *See McDowell*, 143 S.W.3d at 131.

21

Finally, appellant requested sanctions under Section 10.004 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.004. Subsection (a) states, "A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both." *Id*. § 10.004(a). We note that the statute uses the term "may," not "shall." According to the Texas Code Construction Act, "'[m]ay' creates discretionary authority or grants permission or a power," whereas "'[s]hall' imposes a duty." TEX. GOV'T CODE ANN. § 311.016(1)–(2) (West 2005). Thus, if the trial court determines that a person has signed a pleading or motion in violation of Section 10.001, the trial court has the "discretionary authority," "power," and "permission" to impose a sanction, *id*.; however, the trial court does not have a "duty" to impose a sanction. Appellant argues that he was entitled to "sanctions as a matter of law." However, even if the trial court had found a violation of Section 10.001, the trial court still had discretion to either grant or deny appellant's motion for sanctions. *See Manning v. Enbridge Pipelines (E. Tex.) L.P.*, 345 S.W.3d 718, 728 (Tex. App.—Beaumont 2011, pet. denied) ("The parties have not cited a case in which an appellate court held that a trial court abused its discretion by declining to impose a punishment for conduct that is sanctionable under section 10.004(a) or Rule 13."). We conclude that appellant has not demonstrated that the trial court abused its discretion in denying his motion for sanctions under Section 10.004(a). *See Great W. Drilling, Ltd. v. Alexander*, 305 S.W.3d 688, 698 (Tex. App.—Eastland 2009, no pet.) ("[W]e cannot find the trial court abused its discretion in its refusal to award Alexander sanctions.").

Appellant's fourth issue is overruled.

## VII. ATTORNEY DISQUALIFICATION

In his fifth issue, appellant contends that the trial court erred in granting Ted L. Walker's motion to disqualify his attorney, I. Nelson Heggen, under Rule 3.08(a) of the Texas Disciplinary Rules of Professional Conduct, "Lawyer As Witness." *See* Tex. Disciplinary R. Prof'l Conduct 3.08(a).

### A. Standard of Review

"We review the district court's disqualification ruling for abuse of discretion." *Smith v. Abbott*, 311 S.W.3d 62, 73 (Tex. App.—Austin 2010, pet. denied).

### B. Applicable Law

"The Texas Disciplinary Rules of Professional Conduct establish the minimum standards of conduct below which no lawyer can fall without being subject to disciplinary action." *Anderson Producing v. Koch Oil Co.*, 929 S.W.2d 416, 421 (Tex. 1996) (quotation, citation omitted). "[T]he trial court has not only the power but also the duty to disqualify counsel when representation of the client is prohibited by the rules of professional conduct." *Ayres v. Canales*, 790 S.W.2d 554, 557 n.2 (Tex. 1990).

"Courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic." *In re Sandoval*, 308 S.W.3d 31, 33 (Tex. App.—San Antonio 2009, orig. proceeding). "Disqualification is a 'severe' remedy which can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice." *In re Reynoso*, 361 S.W.3d 719, 723 (Tex. App.—Corpus Christi 2012, orig. proceeding). "The party seeking disqualification bears the burden of establishing conduct that warrants disqualification." *Id*. at 724. "Mere allegations of unethical conduct or evidence showing

23

a remote possibility of a violation of the disciplinary rules will not suffice to merit disqualification." *Id.*; *In re Dalco*, 186 S.W.3d 660, 668 (Tex. App.—Beaumont 2006, orig. proceeding) ("Nevertheless, because disqualification is such a severe remedy, the burden is on the movant to establish with specificity any alleged violation of one or more disciplinary rules.").

"Although Rule 3.08 was promulgated as a disciplinary standard, rather than a procedural disqualification standard, [the Texas Supreme Court has] recognized that the rule articulates considerations relevant to a procedural disqualification determination." *Anderson Producing*, 929 S.W.2d at 421 (quotation omitted). The Texas Supreme Court has "applied Rule 3.08 as the standard for disqualification . . . , noting . . . it would be injudicious for this court to employ a rule of disqualification that could not be reconciled with the Texas Rules of Professional Conduct." *Id.* (quotation omitted). "Accordingly, we will refer to the rule for guidance in determining whether the trial court abused its discretion in granting the motion to disqualify." *Id.* (quotation omitted).

Rule 3.08(a) of the Texas Disciplinary Rules of Professional Conduct provides as follows:

> A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
> (3) the testimony relates to the nature and value of legal services rendered in the case;

(4) the lawyer is a party to the action and is appearing pro se; or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a).

"[T]he rule should not be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." *Ayres*, 790 S.W.2d at 557. "In order to prevent . . . misuse of the rule, the trial court should require the party seeking disqualification to demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles." *Id.* at 558; *see also In re Garza*, 373 S.W.3d 115, 118 (Tex. App.—San Antonio 2012, orig. proceeding) ("[T]he party moving for disqualification must show the opposing lawyer's dual roles as attorney and witness will cause the moving party actual prejudice."); *In re Tips*, 341 S.W.3d 30, 33 (Tex. App.—San Antonio 2010, orig. proceeding) ("Carl failed to show Hernden's dual roles as attorney and witness would cause Carl actual prejudice."); *Smith v. Abbott*, 311 S.W.3d 62, 73 (Tex. App.—Austin 2010, pet. denied) ("[E]ven if a lawyer violates a disciplinary rule, the party requesting disqualification must demonstrate that the opposing lawyer's conduct caused actual prejudice that requires disqualification.").

## C. Discussion

Appellant argues that disqualification of his attorney was improper for five reasons: (1) the proposed testimony of his attorney concerns an uncontested issue; (2) the proposed testimony concerns a matter of formality; (3) the proposed testimony does not concern an "essential fact"; (4) the proposed testimony will not cause Ted L. Walker

"actual prejudice"; and (5) Ted L. Walker waived the issue of disqualification. We will focus on waiver.

"A party who fails to file its motion to disqualify opposing counsel in a timely manner waives the complaint." *Vaughan v. Walther*, 875 S.W.2d 690, 690 (Tex. 1994) (per curiam). The Texas Supreme Court has held that a delay of six and a half months rendered a motion to disqualify untimely and waived the right to disqualification. *Id.* at 691.

Appellant argues that Ted L. Walker became aware of the basis for disqualification at least nine months before filing his motion to disqualify on December 17, 2010. Ted L. Walker concedes that he learned about the basis for disqualification no later than March 13, 2010. The only explanation that Ted L. Walker offered for the nine-month delay is that he was waiting for appellant's attorney to withdraw voluntarily. On this record, Ted L. Walker's motion to disqualify was untimely. *See Buck v. Palmer*, 381 S.W.3d 525, 528 (Tex. 2012) (holding that "seven-month delay in seeking the attorney's disqualification was sufficient to establish waiver"). Accordingly, he waived his right to seek disqualification, and the trial court abused its discretion in ruling to the contrary.

Appellant's fifth issue is sustained.

## VIII. CONCLUSION

The judgment of the trial court is affirmed in part and reversed in part. The case is remanded for further proceedings consistent with this opinion.

_____
NORA L. LONGORIA
Justice

Dissenting Memorandum Opinion by
Justice Gregory T. Perkes.

Delivered and filed the
23rd day of May, 2013.

27