Kevin James KEITH, Appellant

v.

Cynthia F. SOLLS, Appellee.

No. 05–06–00315–CV.

Court of Appeals of Texas, Dallas.

June 17, 2008.

Kevin J. Keith, Hiersche, Hayward, Drakely & Urbach, P.C., Addison, TX, pro se.

Jason M. Berent, Berent and Wilson LP, Dallas, TX, for Appellee.

Before Justices MOSELEY, O'NEILL, and FITZGERALD.

## OPINION

Opinion by Justice MOSELEY.

This is an appeal of an order imposing rule 13 monetary sanctions. *See* TEX.R. CIV. P. 13. In the case below, attorney Kevin James Keith filed suit on behalf of Matt Sanford (Father), individually and as next friend for his minor child, for damages they sustained as the result of a vehicle accident. Appellee Cynthia F. Solls was appointed guardian ad litem on behalf of the minor child. Keith filed, on behalf of Father and the minor, a motion to disqualify Solls. Solls moved for sanctions. After a hearing, the trial court granted the motion, and ordered Keith to pay Solls $3,082.63 as her attorneys' fees. Keith appeals, asserting the trial court abused its discretion in: (1) ordering sanctions under Rule 13; (2) finding that Keith filed the motion to disqualify in bad faith and to harass Solls; and (3) holding that the motion to disqualify was groundless. Keith also complains (4) that the trial court erred in denying his special exceptions to Solls's sanctions motion. Solls filed a motion for damages pursuant to rule 45 of the rules of appellate procedure. TEX.R.APP. P. 45. For the reasons set forth below, we overrule Keith's issues and affirm the sanctions order. We deny Solls's Rule 45 motion.

### BACKGROUND

Father and his fifteen year old daughter were injured in a vehicle accident. The other driver apparently fell asleep at the wheel, and left the scene after the accident. When the other vehicle was later stopped, the driver's wife had switched places with him and told police she was driving at the time of the accident. The underlying suit was filed as a friendly suit to effectuate a settlement and Solls was appointed as guardian ad litem for the minor plaintiff. *See* TEX.R. CIV. P. 173. After the suit was filed, however, the settlement fell through, and Keith continued negotiations to settle the minor's claims.

In October 2005, Solls met with Father and the minor to discuss the case. Father disclosed to Solls that he had been out of work because of his injuries and had used proceeds from his auto insurance policies, including funds received to compensate his child's injuries pursuant to his personal injury protection (PIP) coverage, to pay family bills. Solls expressed concern over the use of the PIP proceeds; according to Solls, Father became very defensive and argumentative. Keith also explained his strategy for deposing defendants before presenting a gross negligence claim for punitive damages. Keith and Solls argued about whether insurance would cover a claim for punitive damages and whether the insurance company would consider such a claim in settlement negotiations. It was also discussed that the minor was continuing to play in soccer tournaments, though she could not play as well as she did before the accident.

On November 21, 2005, Solls wrote Keith that the defendants' attorney, Jack

Grimm, confirmed her assertion regarding insurance coverage for punitive damages. Keith took this letter to mean Solls had disclosed his strategy regarding punitive damages to Grimm after the October meeting. At a hearing on November, 28, Solls discussed in open court her problems obtaining information about the minor's ongoing medical treatment and requested an accounting of the PIP proceeds. Solls also mentioned the minor was still playing soccer, though not as well as she had in the past. Keith objected several times that Solls was disclosing confidential information. The trial court directed Keith to provide additional information to Solls by December 7, 2005.

On December 6, 2005, Father filed a grievance against Solls, claiming she was not representing the best interests of the minor and had disclosed confidential information without authority. Keith testified that Father decided to file the grievance after discussing several options with Keith and that Keith had drafted the grievance in collaboration with Father. After the office of disciplinary counsel acknowledged receipt of the grievance, Keith wrote Solls requesting her to withdraw as ad litem. After Solls indicated she would not withdraw, Keith signed and filed, on behalf of Father and the minor, a motion to disqualify Solls as guardian ad litem based on the pending grievance and her previous conduct. Shortly thereafter, Keith signed a rule 11 agreement with the defendants' attorney settling the minor's claims. Solls retained an attorney and filed a response to the motion to disqualify.

The hearing on the motion to disqualify and to prove-up the settlement was set on January 30, 2006. At the beginning of the hearing, Keith announced his clients were withdrawing the motion to disqualify because they could not miss any additional time from school or work if the motion were granted and another hearing scheduled with a new ad litem. The trial court proceeded with the settlement hearing and signed a final judgment approving the settlement.

Later the same day, Solls filed a motion for sanctions under rule 13 against Keith and Father.[1] She alleged the motion to disqualify was groundless and filed in bad faith or for the purpose of harassment. The trial court conducted an evidentiary hearing on the sanctions motion and, during the time in which it retained plenary jurisdiction over the suit, signed an order granting the motion and imposing a sanction of $3082.63 against Keith to be paid to Solls as her attorneys' fees. Keith appeals.

## APPLICABLE LAW AND STANDARD OF REVIEW

■ Texas Rule of Civil Procedure 13 provides for sanctions against a party or attorney who signs a pleading, motion, or other paper that is "groundless and brought in bad faith or groundless and brought for the purpose of harassment." Tex.R. Civ. P. 13. A court may not impose sanctions under Rule 13 "except for good cause, the particulars of which must be stated in the sanction order." *Id.; GTE Communications Sys. Corp. v. Tanner,* 856 S.W.2d 725, 730 (Tex.1993) (orig.proceeding).

■ "Groundless" means no basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law. Tex.R. Civ. P. 13. Bad faith is not simply bad judgment or negligence, but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose. *Elkins v. Stotts–Brown,* 103 S.W.3d 664, 669 (Tex.App.-Dallas 2003, no pet.). " 'Harass' is used in a variety of legal contexts to

---

1. Solls abandoned the motion for sanctions against Father at the sanctions hearing.

describe words, gestures, and actions that tend to annoy, alarm, and verbally abuse another person." *Id.* Rule 13 requires the trial court to hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the allegedly groundless pleading. *Bisby v. Dow Chem. Co.*, 931 S.W.2d 18, 21 (Tex.App.-Houston [1st Dist.] 1996, no writ). Generally, courts presume that pleadings and other papers are filed in good faith. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex.2007). The party seeking sanctions bears the burden of overcoming this presumption of good faith. *Id.*

■ We review the imposition of sanctions under rule 13 under an abuse of discretion standard, i.e., we determine whether the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.* To determine if the sanctions were appropriate or just, we must ensure there is a direct nexus between the improper conduct and the sanction imposed. *Id.; TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991). "In reviewing sanctions orders, the appellate courts are not bound by a trial court's findings of fact and conclusions of law; rather, appellate courts must independently review the entire record to determine whether the trial court abused its discretion." *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex.2006).

## DISCUSSION

The record shows the trial court conducted an evidentiary hearing on the motion for sanctions and heard testimony from Keith and Solls and her attorney. Several documents were admitted in evidence. The trial court signed a detailed order explaining its ruling and making findings. *See* Tex.R. Civ. P. 13.

■ In his third issue, Keith asserts the trial court abused its discretion in holding that the motion to disqualify was groundless when it was signed and filed. The factual basis for the motion to disqualify was that a grievance had been filed by Father against Solls. It appears undisputed under the record that a grievance had been filed and was pending when Keith signed and filed the motion to disqualify. The primary basis of the grievance and of the motion to disqualify, as found by trial court, was the ad litem's alleged disclosure of confidential information, provided to Solls by Father and Keith at the October conference, regarding Keith's strategy of deposing defendants before making an allegation of gross negligence, Father's use of the PIP proceeds for family expenses, and the minor's continued activity in playing soccer.

■ The trial court concluded that the mere filing of a grievance cannot constitute grounds for disqualification of an ad litem. The court reasoned that disqualification requires not only a showing of improper conduct, but also a showing that the conduct prejudiced the interests of the child. The supreme court has stated that disqualification of counsel is a severe remedy. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005); *In re Sanders*, 153 S.W.3d 54, 57 (Tex.2004); *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex.2002); *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex.1990). Disqualification can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice. *Nitla S.A. de C.V.*, 92 S.W.3d at 422. Therefore, " '[m]ere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice' to merit disqualification." *Sanders*, 153 S.W.3d at 57 (quoting *Spears*, 797

S.W.2d at 656). While courts often look to the disciplinary rules to decide disqualification issues, the rules are "merely guidelines—not controlling standards—for disqualification motions." *Nitla S.A. de C.V.*, 92 S.W.3d at 422 (citing *In re Meador*, 968 S.W.2d 346, 350 (Tex.1998)). Even if an attorney violates a disciplinary rule, the party moving for disqualification must demonstrate that the violating attorney's conduct caused actual prejudice that requires disqualification. *Id.; see In re Users Sys. Servs.*, 22 S.W.3d 331, 336 (Tex. 1999); *Meador*, 968 S.W.2d at 350; *Ayres v. Canales*, 790 S.W.2d 554, 558 (Tex.1990).

The trial court's order concludes the motion to disqualify was groundless, even considering the filing of the grievance and Solls's alleged disclosures of confidential information, because there was no actual prejudice to the minor. Regarding Keith's strategy for making a punitive damage claim, the order states: "The evidence shows that Solls told Mr. Grimm, attorney for defendant, nothing [he] did not already know, and nothing that Solls would not be justified in assuming [he] already knew." Regarding the family's financial situation and the minor's continuing soccer activities, the order states the evidence was clear that Mr. Grimm was aware of these facts before the hearing in which Solls allegedly disclosed them, and that Grimm had sent a letter to Keith before that hearing indicating his knowledge of the minor's continued involvement in soccer.

The record of the sanction hearing contains detailed testimony from both Solls and Keith regarding the activity in the case, their knowledge of facts, their opinions about the settlement negotiations, and information known to defense counsel. Much of this evidence was conflicting. However, there is evidence in the record that Grimm was aware of the facts regarding the switched drivers and the potential impact of those facts on the underlying case from the beginning of the suit; this evidence supports the trial court's conclusion that any disclosure about strategy for making a gross negligence claim would not have prejudiced the minor's case. Regarding the financial issue, Solls testified Grimm was aware of the settlement of Father's claims and his receipt of PIP proceeds for the minor. Regarding the minor's health and continued attempts to play soccer, there is evidence Grimm was aware of her continued involvement in soccer and mentioned that involvement in a letter to Keith before the November hearing. This evidence supports the trial court's conclusion that disclosure of these facts at the November hearing would not have prejudiced the minor's case. Based on this and other evidence in the record and the conflicting nature of much of that evidence, we cannot conclude the trial court abused its discretion in concluding the motion to disqualify was groundless when it was signed. We overrule Keith's third issue.

■ In his second issue, Keith asserts the trial court abused its discretion in finding that the motion to disqualify was filed in bad faith or to harass Solls. The trial court's order states in part:

> The Court finds that Keith was well aware that Solls had not committed professional misconduct prior to and at the time the motion [to disqualify] was filed. Further, the fact that Keith withdrew the motion based upon the child's school absence situation when he never asked the Court to excuse the child from any prove up hearing leads the Court to believe, and does believe, that the motion was filed in bad faith.

> Because the filing of a grievance as a ground for disqualification was groundless, and the other professional misconduct was alleged in bad faith, and because same was known by Keith when

he filed the motion, the question becomes, Was same done to harass Solls? The court finds that it was. The evidence indicates that [Father], and Keith, disliked Solls and wished her off the case because of inquiries she was making as to possible improper application by [Father] of PIP funds. However, this is exactly the kind of inquiry an ad litem should make in a case such as this.

The Court therefore finds that the Motion to Disqualify was groundless, filed in bad faith, and with an intent to harass Solls, to drive her off the case for an unjustified reason not in accordance with law.

Keith testified his intent in filing the motion to disqualify was to represent his clients' interests and he had a good faith belief when he signed the motion that Solls had disclosed confidential information of clients without their consent. Based on this testimony, he contends there is no evidence he signed the motion it disqualify in bad faith or with intent to harass Solls.

 While we presume pleadings are filed in good faith, direct evidence of a sanctioned person's subjective intent is not required to rebut the presumption. *See Schexnider v. Scott & White Mem. Hosp.*, 953 S.W.2d 439, 441 (Tex.App.-Austin 1997, no pet.) (sanctioned attorney's failure to testify at hearing did not preclude finding of bad faith or intent to harass). Intent may be shown by circumstantial evidence as well as direct evidence. *Id.* (citing *Smith v. Jungkind*, 252 S.W.2d 596, 599 (Tex.Civ.App.-Austin 1952, writ ref'd)). Under an abuse of discretion standard, the trial court judges the credibility of the witnesses and may resolve conflicting testimony. *See Keever v. Finlan*, 988 S.W.2d 300, 311, 313–14 (Tex.App.-Dallas 1999, pet. dism'd) (trial court did not abuse its discretion in sanctioning attorney although attorney testified affidavit was "unartfully drafted" and he never intended to mislead

the court). Based on the record before us, we cannot conclude the trial court abused its discretion in concluding the motion to disqualify was filed in bad faith or with the intent to harass Solls. *See id.* We overrule Keith's second issue.

Having overruled Keith's second and third issues, we also overrule Keith's first issue, which asserts the trial court abused its discretion in ordering sanctions under Rule 13. *See* TEX.R. CIV. P. 13.

 In his fourth issue, Keith argues the trial court abused its discretion in denying his special exception to the motion for sanctions. On the morning of the hearing on sanctions, Keith filed a response including special exceptions complaining that the motion did not specify which part of the motion to disqualify was groundless and brought in bad faith or to harass. *See* TEX.R. CIV. P. 91. The motion for sanctions challenged the motion to disqualify. The motion to disqualify was only three pages, including the caption, signature block, certificate of conference, and certificate of service. The trial court made clear it was only considering rule 13 sanctions based on the motion to disqualify, not any other paper signed by Keith. We conclude the trial court did not abuse its discretion in denying the special exception. We overrule Keith's fourth issue.

 On appeal, Solls filed a motion for damages pursuant to rule 45 of the rules of appellate procedure. TEX.R.APP. P. 45. Under rule 45, we may award "just damages" to a prevailing party in an appeal if we determine it is frivolous after considering the record, briefs, or other papers filed. *See Solares v. Solares*, 232 S.W.3d 873, 883 (Tex.App.-Dallas 2007, no pet.). Recovery is authorized if an appeal is objectively frivolous and injures an appellee. *Id.* An appeal is frivolous if when it is brought there were no reasonable grounds to believe the judgment would be

reversed or when it is pursued in bad faith. *Id.*

After considering the record, briefs, and other papers filed, we cannot conclude the appeal was objectively frivolous. *Id.* We deny the motion for damages.

We affirm the trial court's order.