NO. 07-10-0010-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL E

 

MARCH 1, 2010

_____________________________

 

JOHNNY RODRIGUEZ, JR., 

 

                                                                                                            Appellant

 

v.

 

JOHN LEZA, 

 

                                                                                                            Appellee

_________________________________

 

FROM THE 237THTH DISTRICT
COURT OFLUBBOCK COUNTY;

 

NO. 2005-532,015; HON. LES HATCH,
PRESIDING

_______________________________

 

Order
of Dismissal and For Sanctions

_______________________________

 

Before
QUINN, C.J., PIRTLE, J., and BOYD, S.J.[1]

            Pending
before us is the motion of John Leza to dismiss this
appeal for want of jurisdiction.  He
further requests sanctions against Rodriguez for attempting to perfect it.  We grant the motion.

            Rodriguez
appeals from a partial summary judgment entered in the cause.  This is not his first time to do so,
however.  His prior effort ended in a
dismissal for want of jurisdiction on October 5, 2006.  We dismissed that appeal because the “Order
Granting Partial Motion for Summary Judgment” did not dispose of all
claims.  In particular,
the order failed to dispose of Rodriguez’ counterclaim for attorney’s fees.  That same counterclaim remained pending for
disposition at the time Rodriguez initiated this appeal via a notice filed on
October 15, 2009.  Thereafter, Rodriguez also
filed pleadings in the trial court requesting declaratory relief and breach of
contract against Leza.  So, not only does the matter which prevented
us from exercising jurisdiction before still require disposition, so too do the
additional claims Rodriguez pled since then. 
In the absence of a final judgment or order in this cause, see Crites
v. Collins, 284 S.W.3d 839, 840-41(Tex. 2009) (defining a final judgment as
one that disposes of all claims made by all parties), or an order severing the
partial summary judgment from the remaining claims, we still have no
jurisdiction to entertain the appeal.

            Regarding
Leza’s prayer for damages in the form of attorney’s
fees, authority permits us to award each prevailing party just damages should
the appeal be deemed frivolous.  Tex. R. App. P. 45.  Appealing the same
partial summary judgment without removing that obstacle which we expressly
noted as preventing us from exercising jurisdiction before causes us
concern.  This is so because an appeal is
frivolous when there exists no reasonable grounds to
believe the judgment would be reversed.  Keith v. Solls,
256 S.W.3d 912, 919-20 (Tex. App.–Dallas
2008, no pet.).  Without Rodriguez
removing the aforementioned obstacle, one cannot say he had reasonable grounds
to believe that the partial summary judgment would be reversed if he appealed
once again.  Nor did his adding
additional, unresolved causes of action to his counterclaim provide those
missing grounds.  Thus, we conclude that
the appeal was frivolous and that Leza should be
awarded his damages in the form of attorney’s fees incurred in seeking
dismissal of the appeal.  The amount of
the fees sought, $460, was attested to be reasonable and necessary by Leza’s counsel.  

            Accordingly,
we dismiss the appeal for want of jurisdiction and order Johnny Rodriguez, Jr.
to pay John Leza the sum of $460 as damages for
initiating a frivolous appeal.

 

Brian Quinn  

                                                                                    Chief Justice











[1]John T. Boyd, Chief Justice (Ret.),
Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1)
(Vernon Supp. 2004).