NO. 07-10-0010-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 1, 2010

_____

JOHNNY RODRIGUEZ, JR.,

Appellant

v.

JOHN LEZA,

Appellee

_____

FROM THE 237TH DISTRICT COURT OFLUBBOCK COUNTY;

NO. 2005-532,015; HON. LES HATCH, PRESIDING

_____

***Order of Dismissal and For Sanctions***
_____

Before QUINN, C.J., PIRTLE, J., and BOYD, S.J.[1]

Pending before us is the motion of John Leza to dismiss this appeal for want of jurisdiction. He further requests sanctions against Rodriguez for attempting to perfect it. We grant the motion.

Rodriguez appeals from a partial summary judgment entered in the cause. This is not his first time to do so, however. His prior effort ended in a dismissal for want of

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2004).

jurisdiction on October 5, 2006. We dismissed that appeal because the "Order Granting Partial Motion for Summary Judgment" did not dispose of all claims. In particular, the order failed to dispose of Rodriguez' counterclaim for attorney's fees. That same counterclaim remained pending for disposition at the time Rodriguez initiated this appeal via a notice filed on October 15, 2009. Thereafter, Rodriguez also filed pleadings in the trial court requesting declaratory relief and breach of contract against Leza. So, not only does the matter which prevented us from exercising jurisdiction before still require disposition, so too do the additional claims Rodriguez pled since then. In the absence of a final judgment or order in this cause, *see Crites v. Collins,* 284 S.W.3d 839, 840-41(Tex. 2009) (defining a final judgment as one that disposes of all claims made by all parties), or an order severing the partial summary judgment from the remaining claims, we still have no jurisdiction to entertain the appeal.

Regarding Leza's prayer for damages in the form of attorney's fees, authority permits us to award each prevailing party just damages should the appeal be deemed frivolous. TEX. R. APP. P. 45. Appealing the same partial summary judgment without removing that obstacle which we expressly noted as preventing us from exercising jurisdiction before causes us concern. This is so because an appeal is frivolous when there exists no reasonable grounds to believe the judgment would be reversed. *Keith v. Solls*, 256 S.W.3d 912, 919-20 (Tex. App.–Dallas 2008, no pet.). Without Rodriguez removing the aforementioned obstacle, one cannot say he had reasonable grounds to believe that the partial summary judgment would be reversed if he appealed once again. Nor did his adding additional, unresolved causes of action to his counterclaim provide those missing grounds. Thus, we conclude that the appeal was frivolous and

2

that Leza should be awarded his damages in the form of attorney's fees incurred in seeking dismissal of the appeal. The amount of the fees sought, $460, was attested to be reasonable and necessary by Leza's counsel.

Accordingly, we dismiss the appeal for want of jurisdiction and order Johnny Rodriguez, Jr. to pay John Leza the sum of $460 as damages for initiating a frivolous appeal.


Brian Quinn
Chief Justice