**AFFIRM; and Opinion Filed August 10, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00796-CV

**CHRISTOPHER CLICK AND JERRY LINDEMANN, Appellants**
**V.**
**TRANSPORT WORKERS UNION LOCAL 556, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-13347**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Schenck
Opinion by Justice Schenck

Pro se appellants Christopher Click ("Click") and Jerry Lindemann ("Lindemann")
appeal a final judgment incorporating the trial court's grant of summary judgment in their favor
in Transport Workers Union Local 556's ("Union") suit against them for alleged
misappropriation of Union funds and breach of fiduciary duty. On appeal, in seven interrelated
issues, appellants argue the trial court erred in failing to award them attorney's fees as a sanction
against the Union for bringing suit in bad faith. We conclude appellants failed to preserve their
complaint for appeal. Accordingly, we affirm the trial court's judgment. Because the dispositive
issue in this case is settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## FACTUAL AND PROCEDURAL BACKGROUND

Click and Lindemann served as officers of the Union from May 2012 through May 2013. Stacy Martin ("Martin") was President of the Union during that time. In 2013, the Union brought disciplinary proceedings against Martin, Click, and Lindemann for alleged violations of the Union's constitution and by-laws. The disciplinary proceedings took place in the form of internal trials during which members and officials of the Union heard the allegations against Martin, Click, and Lindemann, made findings of fact, and recommended disciplinary action. The disciplinary proceedings culminated in the Union removing Martin, Click, and Lindemann from office. The Union then sued Martin, Click, and Lindemann for misappropriation of funds and breach of fiduciary duty.

Shortly before trial, Martin, Click, and Lindemann moved for summary judgment on the Union's claims against them. In the motion's prayer, Martin, Click, and Lindemann asserted the Union brought its lawsuit against them in bad faith, and requested that the court impose sanctions against the Union pursuant to chapter 10 of the Texas Civil Practice & Remedies Code and rule 13 of the Texas Rules of Civil Procedure. The court orally granted summary judgment in favor of Click and Lindemann, but not Martin. Trial then proceeded with Martin as the sole defendant. The jury found Martin liable for breach of fiduciary duty and awarded the Union money damages. The trial court entered judgment on the verdict, but did not include its prior ruling on Click and Lindemann's motion for summary judgment. Although not included in the record before this Court, the parties acknowledge that Click and Lindemann filed a timely motion to modify the judgment to reflect the granting of summary judgment in their favor and requesting an award of attorney's fees. Thereafter, the trial court entered an amended final judgment ordering that the Union take nothing from Click and Lindemann. The amended judgment does not include sanctions or attorney's fees, taxes all costs of court against Martin, and includes a

Mother Hubbard provision stating "all other relief not expressly granted in this Judgment is denied." This appeal followed.

Some of the issues stated in appellants' brief are unclear.[1] Nevertheless, as best we can decipher, appellant's first five issues appear to challenge the trial court's failure to sanction the Union, and their last two issues appear to assert a policy basis for the award of attorney's fees, separate and apart from sanctions under chapter 10 and rule 13.

## DISCUSSION

### I. SANCTIONS UNDER CHAPTER 10 AND RULE 13

While appellants reference a request for an award of attorney's fees in their motion to modify the judgment, that document is not included in the appellant record and cannot be considered by this Court. *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.— Dallas 2005, pet. denied). The only request for attorney's fees before this Court is the request appellants made in the prayer of their motion for summary judgment for an award of attorney's fees as sanctions against the Union pursuant to chapter 10 of the Texas Civil Practice and Remedies Code and rule 13 of the Texas Rules of Civil Procedure.

Chapter 10 and rule 13 allow a trial court to sanction an attorney or a party for filing motions or pleadings that lack a reasonable basis in fact or law. CIV. PRAC. & REM. CODE ANN. § 10.004(a) (West 2002); TEX. R. CIV. P. 13. Chapter 10 and rule 13 require the trial court to hold an evidentiary hearing to make the necessary factual determinations about the motives and

---

[1] On appeal, appellants state their issues as follows: (1) Did the Trial Court err in the final judgment by excluding awards for both Click and Lindemann in regards to the GRANTING of a Motion for Summary Judgment? (2) Is there factually sufficient case law and evidence to support the judgment and awarding of attorney's fees? (3) Are Click and Lindemann entitled to attorney's fees and other relief as decided by the court and filed in the Original Motion for Summary Judgment and again in the Motion to Modify Judgment? (4) Are Click and Lindemann entitled to a portion of relief as decided by the appellate court based on the Original Motion for Summary Judgment and the decision of the judge in her final judgment against Martin? (5) Did Click and Lindemann file in a timely manner and in accordance with Texas Procedural Law their Motion to Modify Judgment? (6) Is there a long standing practice that shows a history and policy of permitting union officers who have successfully defended themselves against charges of 501 of the LMRDA [Labor Management Reporting Disclosure Act], wherein there is an adequate protection of union officers from baseless litigation? and (7) Is there case law in place permitting a union to reimburse a defendant if he is successful in his defense, and in which provides sufficient financial protection of union officials against nuisance suits?

–3–

credibility of the person signing the allegedly groundless pleading. *R.M. Dudley Const. Co., Inc. v. Dawson*, 258 S.W.3d 694, 709 (Tex. App.—Waco 2008, pet. denied) (evidentiary hearing required on a request for sanctions under chapter 10); *Keith v. Solls*, 256 S.W.3d 912, 917 (Tex. App.—Dallas 2008, no pet.) (evidentiary hearing required on a request for sanctions under rule 13). Without such an evidentiary hearing, the trial court has no evidence before it to determine that a pleading was filed in bad faith or to harass. *Alejandro v. Robstown Indep. Sch. Dist.*, 131 S.W.3d 663, 670 (Tex. App.—Corpus Christi 2004, no pet.). Motions and arguments of counsel are not evidence in a sanction hearing context. *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ).

Appellants bore the burden of securing an evidentiary hearing on their request for sanctions so as to put on evidence of the Union's alleged bad faith in filing suit against them. *Trussell Ins. Servs., Inc. v. Image Solutions, Inc.*, No. 12–09–00390–CV, 2010 WL 5031100, at *4 (Tex. App.—Tyler Dec. 8, 2010, no pet.) (mem. op.). The appellate record does not include a reporter's record of an evidentiary hearing on a motion for sanctions. Thus, appellants have failed to show they satisfied chapter 10 and rule 13's requirements of an evidentiary hearing. *See D Design Holdings, L.P. v. MMP Corp*, 339 S.W.3d 195, 204 (Tex. App.—Dallas 2011, no pet.). Further, the record does not show any objection by appellants to the lack of the required evidentiary hearing. *Id.* (citing *Trussell*, 2010 WL 5031100, at *4) (where party failed to object to nonevidentiary hearing on motion for sanctions and failed to secure evidentiary hearing on such motion, party waived right to sanctions). On this record, we conclude appellants waived their claim for an award of attorney's fees as sanctions. Accordingly, we overrule appellants' first five issues.

II. ATTORNEY'S FEE AWARD UNDER THE LABOR MANAGEMENT REPORTING AND DISCLOSURE ACT

In their sixth and seven issues, appellants argue the Labor Management Reporting and Disclosure Act[2] permits Unions to reimburse defendants who successfully defend against claims of Unions.  It does not appear from the record before this Court that appellants' presented this argument to the trial court.

Rule 33.1(a)(1)(A) of the Texas Rules of Appellate Procedure provides:

> As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.

TEX. R. APP. P. 31(a)(1)(A).  The failure to raise an issue in the trial court waives the issue on appeal.  *See City of San Antonio v. Schautteet*, 706 S.W2d 103, 104 (Tex. 1986).  We conclude appellants waived this argument on appeal.  Accordingly, we overrule appellants' sixth and seventh issues.

**CONCLUSION**

We affirm the trial court's judgment.

/David J. Schenck/
_____
DAVID J. SCHENCK
JUSTICE

150796F.P05

---

[2] 29 U.S.C. § 501(b).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER CLICK AND JERRY
LINDEMANN, Appellant

No. 05-15-00796-CV     V.

TRANSPORT WORKERS UNION LOCAL
556, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-13347.
Opinion delivered by Justice Schenck.
Justices Francis and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee TRANSPORT WORKERS UNION LOCAL 556 recover
its costs of this appeal from appellant CHRISTOPHER CLICK AND JERRY LINDEMANN.

Judgment entered this 10th day of August, 2016.