**Affirmed and Opinion Filed May 6, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-00336-CV
_____

**NET WORTH REALTY USA, LLC AND DALLAS METRO HOLDING, LLC.,**
**Appellants**
**V.**
**IRMGARD DENNEY, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-03776**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Nowell
Opinion by Justice Nowell

Net Worth Realty USA, LLC and Dallas Metro Holdings, LLC appeal the trial court's order

denying their motion seeking attorney's fees under section 17.50(c) of the Deceptive Trade

Practices Act (DTPA) and Rule 13 of the Rules of Civil Procedure. After they obtained summary

judgment dismissing Irmgard Denney's claims against them, Net Worth and Dallas Metro filed a

motion to recover their attorney's fees arguing that Denney's claims were groundless and brought

in bad faith or groundless and brought for the purpose of harassment. The trial court denied the

motion and questioned whether appellants had pleaded a claim for attorney's fees under the DTPA.

Appellants then filed a motion to amend their counterclaim to add such a claim, but they filed the

motion after the deadline for amending pleadings. The trial court denied the motion.[1] In three

---

[1] The trial court severed the claims and counterclaims involving Dallas Metro and Net Worth from the

issues, Net Worth and Dallas Metro contend the trial court abused its discretion by denying the motion to amend, and by denying their claim for attorney's fees under the DTPA and under Rule 13. We conclude the trial court did not abuse its discretion and affirm.

## BACKGROUND

Denney purchased a house from IH Solutions, LLC on November 20, 2013. After moving in, she discovered several deficiencies in the house that were not disclosed to her. IH Solutions bought the house from Dallas Metro on April 5, 2013 and renovated it before selling it to Denney. Dallas Metro owned the property for less than two weeks before selling it to IH Solutions. Dallas Metro purchased the house on March 26, 2013, immediately listed it for sale through its affiliated brokerage, Net Worth, and sold the house to IH Solutions.

On April 15, 2015, Denney sued IH Solutions, Dallas Metro, Net Worth, and several other defendants who had either owned or performed renovations on the property. She alleged causes of action for fraud, fraudulent inducement, negligent misrepresentation, and civil conspiracy against all defendants. She also alleged IH solutions violated the DTPA.

On May 12, 2015, Dallas Metro and Net Worth filed an amended answer and counterclaim requesting sanctions under Rule 13 against Denney and her attorney. They alleged Denney's original petition was groundless and brought in bad faith and groundless and brought for the purpose of harassment. Denney had not asserted a DTPA against them at the time Dallas Metro and Net Worth filed their counterclaim for Rule 13 sanctions. Almost two years later, Denney, represented by a new attorney, filed a fourth amended petition in which she alleged Dallas Metro and Net Worth violated the DTPA by committing false, misleading, or deceptive acts, breaching an express or implied warranty, and committing an unconscionable action or course of action.

Dallas Metro and Net Worth did not amend their answer and counterclaim in response to

---

remaining claims, making its rulings final for appeal.

the fourth amended petition. Rather, they filed a traditional and no-evidence motion for summary judgment on Denney's DTPA claim. They alleged Denney was not a consumer in a transaction with Dallas Metro and Net Worth, she had no evidence they committed any of the alleged DTPA violations, and Denney's DTPA claim was barred by limitations. Denney requested and obtained a continuance of the summary judgment hearing in order to conduct discovery to respond to the motion.

Two months later, Dallas Metro and Net Worth filed an amended motion for summary judgment attaching additional summary judgment evidence and requesting attorney's fees under DTPA section 17.50(c).[2] They argued they had no role in the transaction where Denney purchased the house and that Denney's lawsuit against them was frivolous and likely brought for the purpose of harassment. Denney argued in her response that Dallas Metro and Net Worth did not plead for attorney's fees under the DTPA and had not shown entitlement to an award of fees under section 17.50(c).

The trial court granted the amended motion for summary judgment and dismissed Denney's claims against Dallas Metro and Net Worth with prejudice on June 2, 2017. The court reserved ruling on the request for attorney's fees and invited the parties to file a motion for attorney's fees.

Dallas Metro and Net Worth filed a motion for attorney's fees on August 9, 2017 based on section 17.50(c) of the DTPA and Rule 13. They alleged their amended answer and counterclaim filed in 2015 gave Denney notice that her DTPA claim was groundless and brought in bad faith or groundless and brought for the purpose of harassment. They also alleged that Denney sought to

---

[2] DTPA section 17.50(c) provides:

(c) On a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs.

TEX. BUS. & COM. CODE ANN. § 17.50(c).

postpone the summary judgment hearing in order to conduct an unreasonable and burdensome amount of discovery in an effort to extort a settlement.

Denney asserted in response that Dallas Metro and Net Worth had not pleaded for attorney's fees under DTPA section 17.50(c), had not overcome the presumption her pleading was filed in good faith, she should not be punished for her former attorney's conduct in signing the pleading, and sanctions were not appropriate under Rule 13. Denny also requested an evidentiary hearing and her attorney stated at the hearing he was prepared to present evidence to rebut the claim for sanctions. Dallas Metro and Net Worth did not offer any evidence at the hearing, relying instead on the argument of their counsel. The trial court denied the motion for attorney's fees.

A month later, Dallas Metro and Net Worth filed a motion for leave to amend their counterclaim to assert a claim for attorney's fees under DTPA section 17.50(c). Denney objected because the deadline for filing amended pleadings asserting a new cause of action expired three months before Dallas Metro and Net Worth sought leave to amend and their attempt to amend the counterclaim after they had been dismissed from the case resulted in prejudice and surprise. The trial court denied the motion to amend.

## DISCUSSION

In their second and third issues, appellants contend the trial court abused its discretion by denying their motion for attorney's fees under section 17.50(c) of the DTPA and under Rule 13 of the rules of the civil procedure. TEX. BUS. & COM. CODE ANN. § 17.50(c); TEX. R. CIV. P. 13.[3]

---

[3] As relevant here, Rule 13 provides:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the

–4–

The DTPA authorizes a trial court to award a defendant its reasonable and necessary attorney's fees and court costs if the court finds that "an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment." TEX. BUS. & COM. CODE ANN. § 17.50(c). Rule 13 provides for sanctions against a party or attorney who signs a pleading, motion, or other paper that is "groundless and brought in bad faith or groundless and brought for the purpose of harassment." TEX. R. CIV. P. 13; *Keith v. Solls*, 256 S.W.3d 912, 916 (Tex. App.—Dallas 2008, no pet.).

"Groundless" has the same meaning under both section 17.50(c) and Rule 13. *Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634, 637 (Tex. 1989). "Groundless" means no basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law. TEX. R. CIV. P. 13. Bad faith is not simply bad judgment or negligence, but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes. *Keith*, 256 S.W.3d at 916. "Harass" is used in a variety of legal contexts to describe words, gestures, and actions that tend to annoy, alarm, and verbally abuse another person. *Id.* at 916–17.

In order to determine whether a DTPA claim is groundless, a trial court must examine the facts available to the litigant and circumstances existing when the litigant filed his or her pleadings. *Davila v. World Car Five Star*, 75 S.W.3d 537, 543–44 (Tex. App.—San Antonio 2002, no pet.). The standard for determining whether a suit is groundless considers "whether the totality of the tendered evidence demonstrates an arguable basis in fact and law for the consumer's claim." *Splettstosser v. Myer*, 779 S.W.2d 806, 808 (Tex. 1989) (per curiam) (citing *Donwerth*, 775 S.W.2d at 637). Similarly, Rule 13 "requires the trial court to hold an evidentiary hearing to make

sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. A general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.

TEX. R. CIV. P. 13.

the necessary factual determinations about the motives and credibility of the person signing the allegedly groundless pleading." *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 204 (Tex. App.—Dallas 2011, no pet.) (quoting *Keith*, 256 S.W.3d at 917). Without an evidentiary hearing, the trial court cannot determine whether a pleading was filed in bad faith or to harass. *Click v. Transp. Workers Union Local 556*, No. 05–15–00796–CV, 2016 WL 4239473, at *2 (Tex. App.—Dallas Aug. 10, 2016, no pet.) (mem. op.) (citing *Alejandro v. Robstown Indep. Sch. Dist.*, 131 S.W.3d 663, 670 (Tex. App.—Corpus Christi 2004, no pet.)). Motions and arguments of counsel are not evidence in a sanctions hearing context. *Id.* (citing *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ)).

Appellants did not request an evidentiary hearing on their motion for attorney's fees even though Denney stated in her response that an evidentiary hearing is required before sanctions may be imposed. Her attorney stated at the hearing that he was prepared to offer testimony in response to appellants' request for sanctions. Appellants, however, never offered any evidence at the hearing and never objected to the lack of an evidentiary hearing on their motion. *See D Design Holdings*, 339 S.W.3d at 204 (failure to object to lack of required evidentiary hearing waived claim for sanctions). The record of the hearing contains only the arguments of counsel and questions from the trial court. *See Click*, 2016 WL 4239473, at *2 (motions and arguments of counsel are not evidence to support motion for sanctions). No evidence was offered or admitted in support of the motion.

On appeal, Dallas Metro and Net Worth's rely on documents and portions of Denney's deposition attached to their motion for attorney's fees as evidence to support their claim. However, the documents and deposition testimony were never admitted into evidence. As a result, the documents were not before the trial court and cannot be considered as evidence on appeal. *See O'Donnell v. Vargo*, No. 05-14-00404-CV, 2015 WL 4722459, at *4 (Tex. App.—Dallas Aug. 10, 2015, no pet.) (mem. op.) (in order for trial court to consider documents as evidence in Rule 13

context, documents must be admitted into evidence in compliance with rules of evidence at evidentiary hearing); *Alejandro v. Bell*, 84 S.W.3d 383, 393 (Tex. App.—Corpus Christi 2002, no pet.) (letter attached to motion but not admitted into evidence at hearing could not be considered as evidence); *see also Bedding Component Mfrs., Ltd. v. Royal Sleep Prods., Inc.*, 108 S.W.3d 563, 564 (Tex. App.—Dallas 2003, no pet.) ("Without a hearing on a motion for sanctions, the trial court has no evidence before it to determine that a pleading is sanctionable.").

On this record, appellants have not met their burden to establish that the trial court abused its discretion by denying their motion for attorney's fees under DTPA section 17.50(c) and under Rule 13. We overrule their second and third issues. Our disposition of these issues renders it unnecessary to address their first issue, which asserts their pleading sufficiently alleged a counterclaim for attorney's fees under section 17.50(c) of the DTPA and, alternatively, the trial court abused its discretion by denying their motion for leave to amend their counterclaim. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Based on the record in this case, the trial court did not abuse its discretion by denying appellants' motion for attorney's fees under section 17.50(c) or Rule 13. We affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

180336F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NET WORTH REALTY USA, LLC AND
DALLAS METRO HOLDING, LLC.,
Appellants

No. 05-18-00336-CV        V.

IRMGARD DENNEY, Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-03776.
Opinion delivered by Justice Nowell.
Justices Schenck and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee IRMGARD DENNEY recover her costs of this appeal from appellants NET WORTH REALTY USA, LLC AND DALLAS METRO HOLDING, LLC..

Judgment entered this 6th day of May, 2019.