

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00032-CV
_____

BILLY MARQUIS D/B/A MARQUIS BROTHERS GENERAL CONSTRUCTION, Appellant

V.

ZACHARY SADEGHIAN, TRUSTEE OF KAMY REAL PROPERTY TRUST, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 24-2092-431

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Zachary Sadeghian, Trustee of the Kamy Real Property Trust (Kamy), filed suit against Billy Marquis d/b/a Marquis Brothers General Construction alleging shoddy workmanship of roof repairs nine and one-half years after the repairs were completed. When Marquis moved for limitations-based summary judgment and sanctions, Kamy nonsuited. The trial court denied Marquis's motion for sanctions, and Marquis appeals. Because we find the trial court did not abuse its discretion in denying sanctions, we affirm.

## I.     Background

Kamy filed suit against Marquis in March 2024 alleging damages arising from 2015 roofing work at one of Kamy's properties. Kamy brought causes of action for, among other things, breach of contract and negligence and sought damages in excess of $250,000.00, including damages due to emotional distress and mental anguish.

Marquis answered by filing a general denial and asserting the statute of limitations as an affirmative defense. Some months later, Marquis filed a traditional motion for summary judgment based on limitations and a motion for sanctions.

Four days after Marquis filed his motions, Kamy, through different counsel, filed a notice of nonsuit with prejudice. The next day, the trial court entered an order of nonsuit with prejudice. Marquis filed a motion for new trial reasserting his motion for sanctions. After an evidentiary hearing, the trial court signed a final judgment and order denying Marquis's motion for sanctions.

2

Marquis appeals.[1]

## II.     Standard of Review and Applicable Law

"We review a trial court's ruling on a motion for sanctions for an abuse of discretion." *In re Newkirk Logistics, Inc.*, 718 S.W.3d 240, 246 (Tex. 2025) (per curiam) (orig. proceeding) (citing *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004)); *see Dinkins v. Calhoun*, No. 02-17-00081-CV, 2018 WL 2248572, at *4 (Tex. App.—Fort Worth 2018, no pet.) (mem. op.); *Cypress Creek EMS v. Dolcefino*, 548 S.W.3d 673, 695 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (reviewing denial of sanctions for an abuse of discretion). "A trial court abuses its discretion when it acts without reference to any guiding rules and principles such that its ruling was 'arbitrary or unreasonable.'" *In re Newkirk Logistics*, 718 S.W.3d at 246 (quoting *Cire*, 134 S.W.3d at 839); *see Dinkins*, 2018 WL 2248572, at *4.

Marquis moved for sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure. "For the purposes of Chapter 10 and Rule 13, courts presume pleadings, motions, and other papers are filed in good faith." *Dolcefino*, 548 S.W.3d at 694 (quoting *WWW.URBAN.INC. v. Drummond*, 508 S.W.3d 657, 675 (Tex. App.—Houston [1st Dist.] 2016, no pet.)); *see Dinkins*, 2018 WL 2248572, at *4. "[T]he party moving for sanctions[] bears the burden of overcoming this presumption." *Dolcefino*, 548 S.W.3d at 694.

---

[1]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

"A trial court may impose sanctions pursuant to Rule 13 if a pleading is groundless and brought in bad faith or groundless and brought for the purpose of harassment." *Id.* (citing TEX. R. CIV. P. 13); *see Dinkins*, 2018 WL 2248572, at \*4. "A claim is groundless for purposes of Rule 13 if it has 'no basis in law or fact' and the claim is 'not warranted by good faith argument for the extension, modification, or reversal of existing law.'" *Dolcefino*, 548 S.W.3d at 694 (quoting TEX. R. CIV. P. 13); *see Dinkins*, 2018 WL 2248572, at \*4.

"To determine if a claim is groundless, the trial court must objectively ask whether the party and counsel made a reasonable inquiry into the legal and factual basis of the claim at the time the document in question was filed." *Dolcefino*, 548 S.W.3d at 694 (quoting *Drummond*, 508 S.W.3d at 676). "We determine whether a reasonable inquiry has been made by looking at the facts available to the attorney and the circumstances that existed when the attorney signed and filed the document in question." *Id.*

"In determining whether a party acted in bad faith, we must be mindful that bad faith 'is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes,' and does not exist when a party 'merely exercises bad judgment or is negligent.'" *Dolcefino*, 548 S.W.3d at 694 (quoting *Drummond*, 508 S.W.3d at 676); *see Dinkins*, 2018 WL 2248572, at \*4. "A document is filed for the purpose of harassment if it is filed with the intent to annoy, alarm, and abuse another person." *Dolcefino*, 548 S.W.3d at 694 (quoting *Drummond*, 508 S.W.3d at 676); *see Dinkins*, 2018 WL 2248572, at \*4. "[T]he trial court must measure the party's conduct and examine the facts available to the party at the time the relevant document was signed." *Dolcefino*, 548 S.W.3d at 694 (alteration in original) (quoting *Drummond*, 508 S.W.3d at 676).

"The trial court must consider the acts or omissions of counsel and not merely the legal merit of a pleading or motion." *Id.*

> Chapter 10 provides that the signature of attorneys or parties on a pleading or motion constitutes a certificate by them that, to the best of their knowledge, information, and belief formed after a reasonable inquiry, the instrument is not being presented for an improper purpose, is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and there is evidentiary support for each allegation or contention.

*Id.* (quoting *Drummond*, 508 S.W.3d at 676–77 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 10.001)); *see Dinkins*, 2018 WL 2248572, at *5. "A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both." *Dolcefino*, 548 S.W.3d at 695 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(a)); *see Dinkins*, 2018 WL 2248572, at *5. However, "[t]he court may not award monetary sanctions against a represented party for a violation of Section 10.001(2)." TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(d). "The party moving for sanctions under chapter 10 must prove the pleading party's subjective state of mind." *Dolcefino*, 548 S.W.3d at 695; *see Dinkins*, 2018 WL 2248572, at *5.

> In deciding whether the denial of sanctions constitutes an abuse of discretion, we examine the entire record, including the findings of fact and conclusions of law, reviewing the conflicting evidence in the light most favorable to the trial court's ruling and drawing all reasonable inferences in favor of the court's judgment.

*Dolcefino*, 548 S.W.3d at 695.

Neither party to this suit requested findings of fact and conclusions of law. "In [an] appeal from a judgment following a bench trial where no factual findings were requested, all

necessary findings supported by the evidence are implied, and the legal and factual sufficiency standards of review govern appellate challenges to those findings." *PDT Holdings, Inc. v. City of Dallas*, 712 S.W.3d 597, 603 (Tex. 2025).

## III. Analysis

In his sole issue, Marquis claims that the trial court's denial of his motion for sanctions was arbitrary and unreasonable. Marquis argues that Kamy and its multi-millionaire beneficiary, Khosrow Sadeghian, have committed a pattern of harassment against former clients of Eugene DuBose (DuBose) of DuBose Litigation, P.C., Appellant's counsel, and that they knew they would not be able to collect any potential judgment against Marquis, Khosrow's former employee. Marquis additionally claims that Kamy's suit was clearly barred by the statute of limitations, with no possible application of the discovery rule to extend that period.

In its petition, Kamy identified itself as "the owner of numerous properties in Denton County and surrounding areas that it holds for sale or rent." Marquis obtained a permit for a roofing project at 133 Maverick Trail, Oak Point, Texas, one of Kamy's properties, on July 31, 2015. Kamy alleged in its petition that "the exact date of completion for the roofing work remain[ed] unspecified within the available documentation." Kamy further alleged that one of its employees became aware of "significant disrepair on the roof" around February 5, 2024, that included "missing shingles, exposed holes, decking damage, and various other structural issues," as well as "facia [sic] and soffit exhibit[ing] substantial damage and appear[ing] to have been untouched by any previous repair efforts." Kamy claimed that it had obtained an inspection and an estimate "unequivocally attributing the observed damages to the roofing work performed by

6

Billy Marquis." Kamy urged, "[f]or statute of limitations purposes," that Marquis had committed a continuous tort because "the harm inflicted by his actions has persisted over time." Kamy sought monetary relief of at least $250,000.00 in the form of damages, including compensatory damages, punitive damages, and damages due to emotional distress.

As stated above, Marquis raised limitations as an affirmative defense. In his motion for summary judgment, Marquis argued that the physical damage Kamy alleged was not "inherently undiscoverable" and that Kamy's claims were barred by the statute of limitations. Regarding his motion for sanctions, Marquis asserted that Kamy violated Sections 10.001(1) and (2) of the Texas Civil Practice and Remedies Code as well as Rule 13 of the Texas Rules of Civil Procedure by suing a judgment-proof defendant for more than $250,000.00 and by bringing claims that were clearly barred by the statute of limitations. Marquis sought sanctions against Kamy's attorney in an amount no more than the fees he incurred in bringing the motions for summary judgment and sanctions, but he contended that sanctions against the Sadeghian family should be no less than $50,000.00 because any less would have no effect due to their wealth.

In a declaration attached to his motion for summary judgment and entered into evidence at the hearing on the motion for sanctions, Marquis stated that the roof work was finished in August 2015. Marquis said that Sadeghian[2] and his manager inspected and approved the roof work. Marquis further declared that he "never heard any complaint about the workmanship of that job until [he] received this lawsuit."

---

[2]Marquis identified the persons who approved the roof work as only, "Mr. Sadeghian and his manager." There are references later in the declaration to Khosrow Sadeghian and Amy Sadeghian, but no reference to Zachary Sadeghian. Zachary Sadeghian is identified in our record only as the trustee of the Kamy Real Property Trust. Our record does not reveal any relationship between Zachary Sadeghian and Khosrow Sadeghian. Marquis identified Khosrow Sadeghian in the motion for sanctions as "paterfamilias of the clan Sadeghian."

In an affidavit attached to his motion for summary judgment, DuBose averred that another client of his had previously sued Khosrow and lost. A "Sadeghian entity with which the [client] had never had any dealings" then "brought [a] suit for back rent against him." DuBose asserted that his client was only sued because "the Sadeghians knew [he] would not leave [his] client in [a] lurch and . . . would have to defend [him]" even though he "could not afford to pay any of [his] fees." DuBose alleged that the trial court found violations of Chapter 10 of the Texas Civil Practice and Remedies Code in that suit and a hearing on the amount of sanctions was imminent. DuBose attached to his affidavit an excerpt of testimony by Khosrow in a separate case in which he testified that he probably had fifty million dollars' worth of properties on the tax rolls.

At the hearing on the motion for sanctions, Marquis presented the testimony of DuBose, exhibits in the form of Marquis's declaration, and Khosrow's testimony excerpt that had been attached to the motion for summary judgment,[3] as well as an invoice detailing DuBose's attorney fees on the matter.

DuBose testified that the roof damage Kamy claimed could not possibly have been missed. He noted that Kamy's former counsel filed the suit, and when current counsel saw the lack of applicability of the discovery rule, "he immediately moved to dismiss the suit." DuBose stated that Khosrow "likes to throw his weight around" and bring meritless suits. DuBose emphasized Khosrow's wealth and again requested $50,000.00 in attorney fees.

---

[3]Kamy objected to a portion of Marquis's declaration, which was not admitted. Marquis does not appeal the exclusion of that portion of the declaration, and we do not discuss it here.

Kamy's response at the sanctions hearing included an admission by counsel that when he investigated whether there was evidence that supported Kamy's claims beyond the statute of limitations, he found none.

Rule 13 states that a trial court "shall impose an appropriate sanction" if "[a]ttorneys or parties" bring groundless pleadings in bad faith or for the purpose of harassment. TEX R. CIV. P. 13. "'Groundless' . . . means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.* "But rule 13 does not permit sanctions on groundlessness alone; the pleading must also be brought in bad faith or to harass." *Dinkins*, 2018 WL 2248572, at *4. "'[B]ad faith' is not just bad judgment or negligence, but 'means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose,' and 'harass' means the pleading was intended to annoy, alarm, and verbally abuse another person." *Id.* (quoting *Keith v. Solls*, 256 S.W.3d 912, 916–17 (Tex. App.—Dallas 2008, no pet.)). Whether a pleading was filed in bad faith or for the purpose of harassment may be determined in an evidentiary hearing, but "motions and arguments of counsel are not evidence in a sanctions-hearing context." *Id.*

Marquis had the burden to overcome the presumption that Kamy's pleadings were filed in good faith. *See Dolcefino*, 548 S.W.3d at 694. To do so, he had to show that Kamy's pleadings were brought in bad faith or to harass. *See Dinkins*, 2018 WL 2248572, at *4. Marquis did not meet that burden. Marquis declared that Khosrow accepted the roof work in 2015. DuBose testified that the damages Kamy alleged could not have possibly been missed and that Khosrow liked to bring meritless suits and had been sanctioned in another suit. But that

9

evidence, even when combined with the admission that there was no factual basis to overcome the statute of limitations, did not establish bad faith or an intent to harass, particularly on the part of this defendant. We conclude the trial court did not abuse its discretion in denying sanctions under Rule 13. *See id.*

Under Chapter 10, a trial court may impose sanctions if an attorney has signed pleadings that violate Section 10.001. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(a). Section 10.001 provides, in relevant part, that the signatory of a pleading certifies "that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry: (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;" and "(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."[4] TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(1), (2).

For the same reasons stated above regarding the motion for sanctions based on Rule 13, the trial court did not abuse its discretion in denying sanctions based on Section 10.001(1).

---

[4]On appeal, Marquis lists all four subdivisions of Section 10.001, calling them "requirements" that must be met before a motion for sanctions may be granted. We do not agree with this reading of Section 10.001. Instead, we view Section 10.001 as imposing requirements on signatories of pleadings, requiring that they certify that "the pleading or motion at issue . . . not be brought for an improper purpose and . . . be both legally and factually sound." *Champion Printing & Copying LLC v. Nichols*, No. 03-15-00704-CV, 2017 WL 3585213, at *9 (Tex. App.—Austin Aug. 18, 2017, pet. denied) (mem. op.). But with respect to issuing sanctions, "[a] document that fails on *any one* of these elements violates the section." *Id.* (emphasis added); *see Mobley v. Mobley*, 506 S.W.3d 87, 95 (Tex. App.—Texarkana 2016, no pet.) ("Chapter 10 provides for an award of sanctions when a party shows (1) that the pleading or motion was brought for an improper purpose, (2) that there were no grounds for the legal arguments advanced, *or* (3) that the factual allegations or denials lacked evidentiary support." (emphasis added)).

At trial, Marquis alleged violations of only the first two subsections of Section 10.001, quoted above; thus, we limit our review to the alleged violations of only those two subsections. *See* TEX. R. APP. P. 33.1.

Marquis did not prove improper purpose as required by Section 10.001(1). *See Dolcefino*, 548 S.W.3d at 694; *Dinkins*, 2018 WL 2248572, at *5.

"Unlike sanctions for violating section 10.001(1), [however,] sanctions under 10.001(2) do not require an improper-purpose finding." *Dinkins*, 2018 WL 2248572, at *5. "Chapter 10 provides that a claim that lacks a legal or factual basis—without more—is sanctionable." *Id.* (quoting *Nath v. Tex. Child.'s Hosp.*, 446 S.W.3d 355, 369 (Tex. 2014)). "Legally, the claim must be warranted by existing law or a nonfrivolous argument to change existing law." *Id.* (quoting *Nath*, 446 S.W.3d at 369). "But a finding that a pleading was signed in violation of this section nevertheless does not require the trial court to impose sanctions: chapter 10 sanctions are permissive, not mandatory." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(a)). Marquis recognizes that sanctions are permissive under Chapter 10, and he cites no case in which an appellate court reversed a trial court for not awarding a discretionary sanction. As did the court in *Dinkins*, "[w]e therefore cannot conclude that the trial court abused its discretion by failing to award [Marquis] sanctions under section 10.001(2)." *Id.*

We overrule Marquis's sole issue.

## IV. Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     October 23, 2025
Date Decided:     December 31, 2025

11